United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVID BUSH,<br><br>   Plaintiff,<br><br>   v.<br><br>PAUL THOMAS CROFT, et al.,<br><br>   Defendants. | Case No. 20-cv-04059-SK<br><br>**ORDER APPLICATION FOR IN *FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Regarding Docket Nos. 1, 2 |

Plaintiff William David Bush ("Plaintiff"), proceeding pro se, filed an application to proceed in *forma pauperis* ("IFP") and a Complaint on June 16, 2020. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The Court finds that Plaintiff has demonstrated that he is unable to pay the filing fee and thus GRANTS his application for IFP. However, the in *forma pauperis* statute provides that the Court shall dismiss the case if, *inter alia*, the Complaint is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citations omitted).

While a complaint need not provide detailed factual allegations, it is "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief.'" *Bell v. Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff must provide more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570. To state a claim, Plaintiff must allege the following information in an amended complaint: (1) the actions by each Defendant that gave rise to Plaintiff's claims; (2) what laws or rights violated by each Defendant's conduct, and (3) how Plaintiff was harmed.

It is not clear from the Complaint what claim or claims Plaintiff seeks to assert. Plaintiff seems to allege that Defendants (grouping all of the defendants together) provided incorrect or fraudulent tax advice to Plaintiff and his brother. (Dkt. No. 1.) It is not clear whether Plaintiff paid Defendants any money, whether Plaintiff followed Defendants' advice, and/or whether Plaintiff suffered any harm as a consequence. Plaintiff discusses the preparation of his brother's tax returns, but is not clear whether Plaintiff hired Defendants and/or filed any inaccurate tax returns.

Lastly, Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

Plaintiff contends that the Court has diversity jurisdiction over his claims. For diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75, 000. Plaintiff alleges that he seeks $77,700 in compensatory damages, but, as discussed above, it is not clear how he was injured or what damages he incurred.

Therefore, the Court HEREBY DISMISSES Plaintiff's complaint, but will provide him with leave to amend. Plaintiff's deadline to file an amended complaint is **August 13, 2020**. If

1  Plaintiff fails to file an amended complaint by this date, the Court will reassign this matter to a
2  district court judge with a recommendation that the action be dismissed.
3      The Court advises Plaintiff that the district court has produced a guide for pro se litigants
4  called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, which provides
5  instructions on how to proceed at every stage of your case, including discovery, motions, and trial.
6  It is available electronically online (http://cand.uscourts.gov/prosehandbook).
7      **IT IS SO ORDERED**.
8  Dated: July 17, 2020



SALLIE KIM
United States Magistrate Judge

3