JAGDEEP HANSRA (SBN 280689)
ENEDINA CARDENAS (SBN 276856)
**HANSRA CARDENAS LLP**
19925 Stevens Creek Blvd, Suite 100
Cupertino, CA 95014
Tel:  (408) 475-7454
Fax: (415) 295-5313
Email:  jh@ej-law.com
          ec@ej-law.com
Attorneys for Defendants
Croft Enterprises LLC,
Jonathan Frost, Paul Thomas Croft

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM D. BUSH, <br><br> Plaintiff, <br><br> v. <br><br> CROFT ENTERPRISES, LLC, JOHNATHAN FROST, PAUL THOMAS CROFT, and DOES 1 through 25, inclusive, <br><br> Defendant(s). | Case No.: 20-cv-04059-SK <br><br> **DEFENDANTS CROFT ENTERPRISES LLC, JONATHAN FROST, AND PAUL THOMAS CROFT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: January 11, 2021 <br> Time: 9:30 a.m. <br> Judge: Hon. Sallie Kim <br> Courtroom: C – 15th Floor <br><br> [*Filed concurrently with Declaration of Jonathan Frost, Declaration of Paul Thomas Croft, [Proposed] Order*] |

1

HANSRA CARDENAS LLP.
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 11, 2021 at 9:30 a.m. before the Honorable of the United States District Court for the Northern District of California, Defendant(s) Croft Enterprises LLC, Jonathan Frost and Paul Thomas Croft ("Defendants"), who are specially appearing for the purpose of challenging personal jurisdiction and, by and through their undersigned counsel, pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), hereby move this Court to dismiss the Amended Complaint of Plaintiff, William D. Bush ("Plaintiff") against Croft Enterprises LLC, Jonathan Frost and Paul Thomas Croft for lack of standing, lack of personal jurisdiction, improper venue, and failure to state a claim.

This motion is based on this motion, the accompanying memorandum of points and authorities, the supporting declarations of Jonathan Frost and Paul Thomas Croft, and papers on file in this matter, and such arguments as may be made.

Dated: November 19, 2020                HANSRA CARDENAS LLP

                                        By:    /s/ Enedina S. Cardenas
                                        Jagdeep Hansra
                                        Enedina S. Cardenas
                                        Attorneys for Defendants Croft
                                        Enterprises LLC, Jonathan Frost, and
                                        Paul Thomas Croft

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff William Bush ("Plaintiff") makes vague accusations against Defendants Croft Enterprises LLC, Jonathan Frost, and Paul Thomas Croft. The Amended Complaint appears to rest on Plaintiff's perception that he would receive a referral fee if he was able to sign his brother as a client of Defendant Croft Enterprises LLC.

There are multiple independent bases for dismissal of the Amended Complaint. First, there is no case or controversy between Plaintiff William Bush and any of the Defendants because Plaintiff has no legal standing, injury in fact or damages. Dismissal is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction. Additionally, Plaintiff has failed to set forth allegations that give this Court personal jurisdiction over any of the Defendants per Rule 12(b)(2). Similarly, Plaintiff has failed to allege any viable cause of action against Defendants and dismissal is appropriate for failure to state a cause of action under Rule 12(b)(6). Defendants also move to dismiss for improper venue.

Moreover, Plaintiff's complaint is deficient on a separate, independent prong as it violates the requirement set forth in Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") that for fraud claims, "a party must state with particularity the circumstances constituting fraud or mistake." Without providing any facts, Plaintiff alleges that Defendant(s) engaged in fraud but Plaintiff never sets forth what fraudulent conduct Defendants engaged in or he was allegedly harmed by them. Based on the foregoing, Defendants respectfully request the Court to dismiss the Amended Complaint in its entirety.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether the court has subject matter jurisdiction.

Whether the Court has general jurisdiction or specific jurisdiction over defendants.

Whether Plaintiff has alleged any viable cause of action against any defendant.

Whether Plaintiff has brought this action in the proper venue.

Whether Plaintiff's Amended Complaint meets the requirements of Rule 9(b).

/ / /

## III.  PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND

### A. Plaintiff's Allegations

On June 16, 2020, Plaintiff filed his complaint against Defendants. (ECF No. 1.) Interestingly, Plaintiff filed for a fee waiver claiming an inability to pay while also asserting that he is a business owner/operator. It was not clear on the face of the complaint what the claims were and what the grounds upon which they rest. Plaintiff appeared to allege that Defendants provided incorrect or fraudulent tax advice to Plaintiff and his brother. But it was not clear whether Plaintiff hired and paid Defendants for any services, whether Plaintiff followed Defendants' advice, or if Plaintiff suffered harm as a result. Because of this, the court *sua sponte* dismissed Plaintiff's complaint with leave to amend on July 17, 2020. (ECF No. 4.)

Plaintiff filed an amended pleading on August 3, 2020 (ECF No. 6.). In the amended pleading, Plaintiff alleges that he entered into some kind of verbal agreement with Defendants that was breached causing loss, damage and injury to Plaintiff. (ECF No. 6; pg. 2:15-19.) Plaintiff further alleges that the defendants "*proposed*" a 25% commission split to Plaintiff for new clients Plaintiff brought to Defendant Croft Enterprises LLC. (*Id*.; pg. 2:21-22.) In a conclusory fashion, Plaintiff alleges that "Actions taken together and pursued created a verbal business contract between the Plaintiff and the Defendant(s) enterprise."

Plaintiff also alleges that "Defendant(s) committed fraud" and "breached the legal business agreement." Although sounding in fraud, Plaintiff violates the pleading requirements of Rules 9(b) and 10(b), by failing to make detailed allegations regarding the defendant's purported fraud.

Plaintiff alleges in conclusory fashion that he was "damaged by the actions of the Defendant(s), with the loss of significant time, general operation costs, and injury to his reputation." Plaintiff seeks damages in the amount of $77,000.

### B. Factual Background on Defendants

Defendant Croft Enterprises, LLC is a Minnesota limited liability company headquartered in Minneapolis, Minnesota. (Declaration of Paul Thomas Croft (Croft Decl.),

HANSRA CARDENAS LLP.
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

¶ 5.) Croft Enterprises, LLC has its principal executive office in Minneapolis, Minnesota. (Croft Decl. ¶ 5.) The company offers tax planning and financial services. (Croft Decl. ¶ 13.) It has offices and employees in Chicago, Illinois, Chattanooga, Tennessee, and West Palm Beach Florida. (Croft Decl. ¶ 12.) Defendant Croft Enterprises, LLC is not registered to do business in California. (Croft Decl. ¶ 7.) Further, Defendant Croft Enterprises, LLC has no agent for service of process in California. (Croft Decl. ¶ 7.) Defendant Croft is a resident of Minnesota. (Croft Decl. ¶ 15.) Defendant Frost is a resident of Tennessee. (Declaration of Jonathan Frost (Frost Decl. ¶ 4.) None of the Defendants maintain any bank accounts or financial accounts in California. (Frost Decl. ¶ 6; (Croft Decl. ¶¶ 9, 17.) None of the Defendants have paid taxes in the state, nor have they ever filed or been named as a defendant in a lawsuit filed in California. None of the Defendants have ever: (1) owned or leased any property in California; (2) maintained an office here; (3) maintained an address, P.O. Box or telephone listing in this state; (4) maintained any employees; (5) maintained a telephone number or (5) maintained any other physical presence in California. (Croft Decl. ¶¶ 16-20; (Frost Decl. ¶¶ 5-9.) As such, Defendants are not "essentially at home in California," as is required for California courts to exert general jurisdiction over the Defendants.

## IV.   ARGUMENT

### A. There is no case or controversy between Plaintiff and Defendants; Plaintiff lacks standing to sue Defendants

Plaintiff does not have standing to sue Defendants for any purported causes of action. "From Article III's limitation of the judicial power to resolving 'Cases' and 'Controversies,' and the separation-of-powers principles underlying that limitation, we have deduced a set of requirements that together make up the 'irreducible constitutional minimum of standing.'" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125; 134 S. Ct. 1377, 1386 (2014). "The plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Id.; See also, E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1239 (9th Cir. 2018) ("Article III of the

Constitution limits the federal judicial power to the adjudication of 'Cases' and 'Controversies.'" (citing U.S. Const. art. III, § 2, cl. 1)).

A motion pursuant to FRCP 12(b)(1) tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint. Such a motion may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cit. 2004). In this case, on the face of the pleading, it shows the lack of subject matter jurisdiction. The court is presumed to lack jurisdiction unless to contrary appears affirmatively from the record. *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Plaintiff fails to show he has standing and that he suffered economic or reputational injury flowing directly from any alleged conduct of Defendants. There is no case and controversy to sustain subject matter jurisdiction.

**B. This court should dismiss the amended complaint for lack of personal jurisdiction**

Defendants are not subject to personal jurisdiction in this Court. FRCP 12(b)(2). Once the defendant challenges personal jurisdiction, the plaintiff then bears the burden of demonstrating that the Court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A court in California "may exercise [personal] jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. "Due process constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotation marks omitted).

The United States Supreme Court recognizes two types of personal jurisdiction – general and specific. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). For a foreign corporation to be subject to the Court's general jurisdiction, the foreign corporation must have "affiliations with the State [that] are so 'continuous and systematic' as to render [defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

With respect to specific jurisdiction, "the relationship between the nonresident

defendant, the forum, and the litigation must arise out of contacts that the defendant himself creates with the forum State." *Axiom Foods*, 874 F.3d at 1068 (internal quotation marks and citations omitted) (emphasis added). The minimum contacts analysis focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. (emphasis added). The Ninth Circuit applies a three factor test in determining whether a foreign defendant is subject to specific jurisdiction: "(1) the defendant either 'purposefully direct[s]' its activities or 'purposefully avails' itself of the benefits afforded by the forum's laws; (2) the claim 'arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction [] comport[s] with fair play and substantial justice, i.e., it [is] reasonable.'" *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

**1. Defendants are not subject to the court's general jurisdiction**

Plaintiff does not allege sufficient facts to establish that any of the defendants have systematic and continuous contacts with California for general jurisdiction. Plaintiff alleges that Croft Enterprises, LLC is a corporation with a principal place of business in Minneapolis Minnesota. Plaintiff's amended complaint also acknowledges that the individual defendants "are all residents of different States." (ECF No. 3; pg. 1:18-19.)

**2. Defendants are not subject to this court's specific jurisdiction**

Further, Plaintiff does not allege sufficient facts to establish that this Court has specific jurisdiction over the defendants. Under the first prong of the Ninth Circuit test, Plaintiff must establish that the Defendants purposefully availed themselves to the benefits of California, and that Defendants' contacts are with California, not only with the persons who reside in California. In this case, it was Plaintiff who reached out to Croft Enterprises, LLC. (Croft Decl. ¶ 14.)

Under the second prong of the Ninth Circuit test, Plaintiff must establish that its causes of action arise from Defendants' activities in California. *Axiom Foods*, 874 F.3d at 1068; *Williams*, 851 F.3d at 1023. Plaintiff cannot do so when he is the one who reached out to a foreign entity. In his Amended Complaint, Plaintiff only alleges that the defendants made

a verbal agreement with him. They were not physically present in California. Defendant Frost resides in Minneapolis and works in Minneapolis. Defendant Croft resides in Tennessee and works in Tennessee. Nor can plaintiff allege that there were activities conducted by any of the defendants in California that were so "continuous and systematic" that they approximate physical presence in California. Accordingly, Plaintiff cannot allege an affiliation between Defendants and California, or any activity by Defendants taking place in California. Plaintiff fails to sufficiently allege the second prong of the Ninth Circuit test for specific jurisdiction, i.e., that Plaintiff's claims arise out of or relate to Defendants' California activities. Accordingly, this Court should dismiss the Amended Complaint for lack of personal jurisdiction.

**C. The court should dismiss Plaintiff's amended complaint for improper venue**

As with jurisdiction, the plaintiff bears the burden to plead and prove proper venue. Plaintiff has failed to allege any facts to support venue in this district. As the Supreme Court recently confirmed, whether venue is proper must be determined solely by the applicable venue statute, in this case 28 U.S.C. § 1391. § 1391 provides for only three venue alternatives:

(b)Venue in General.—A civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

In this case, none of these three is satisfied. Here, as alleged by Plaintiff, Croft Enterprises, LLC has its principal place of business in Minnesota. It has no offices or presence in California. Thus, subsection (1) is inapplicable. Plaintiff has failed to allege any facts to support "a substantial part of the events or omissions giving rise to the claim

occurred" in California. Subsection (3) is inapplicable because Plaintiff could have brought the claim in the District Court for the District of Minnesota where defendants reside. Accordingly, venue is improper in the Northern District of California, and dismissal is appropriate.

**D. The amended complaint fails to plead any cause of action against defendants**

"Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted." *Strigliabotti v. Franklin Res., Inc.*, No. C 04-00883 SI, 2005 U.S. Dist. LEXIS 9625, at *6 (N.D. Cal. Mar. 7, 2005); F.R.C.P. 12(b)(6). Dismissal is appropriate under FRCP 12(b)(6) when a plaintiff's allegations fail "to state a claim upon relief can be granted." "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal ("Iqbal")*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555, 557. It is improper for a court to assume "the [plaintiff] can prove facts that [it] has not alleged. *Associated Gen'l Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

The Court's order to dismiss instructed Plaintiff that he needed to allege (1) the action by each Defendant that gave rise to Plaintiff's claims, (2) what laws or rights violated by each Defendant's conduct, and (3) how Plaintiff was harmed. (ECF No. 4.) The amended complaint fails to address these deficiencies. In fact, the allegations have changed. The initial complaint appeared to allege that defendants provided incorrect or fraudulent tax advice to Plaintiff and his brother. The amended complaint appears only to allege that there was a verbal agreement for plaintiff to provide defendants with new clients, for a proposed commission. In conclusory fashion, Plaintiff says that defendants breached the verbal agreement but doesn't allege the actions by each of the defendants that give rise to any cause of action. It is still unclear whether there was an agreement, whether there was acceptance, what the breach was, and what the damages were.

**1. Plaintiff's shotgun pleading is impermissible**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

California courts have identified two common types of shotgun pleading: One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766 AG (ANX), 2010 U.S. Dist. LEXIS 66233, at *12 (C.D. Cal. June 30, 2010); *See also, Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). The Amended Complaint is quintessential "shotgun" pleading in violation of Federal Rules of Civil Procedure 8(a)(2). In his amended complaint, Plaintiff lumps together all of the defendants and charges all of the defendants of entering into some verbal agreement, breaching that agreement, and engaging in some kind of fraudulent activity. The Court should dismiss the amended complaint based on this defect alone.

### 2. The amended complaint fails to state a cause of action for breach of contract

To state a claim for breach of contract under California law, a plaintiff must allege (1) the existence of a contract; (2) that he performed or that his performance is excused; (3) defendant breached the contract; and (4) damages resulted from that breach. *See Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (2009). Plaintiff has not alleged any of the elements. First, there is no allegation that a contract between the parties exist. In fact, Plaintiff only alleges that a commission was *proposed*. Second, Plaintiff has not alleged that he performed or that performance was excused. Plaintiff has not alleged how defendant breached the purported agreement, nor has Plaintiff alleged facts to support damages.

### 3. Plaintiff fails to allege fraud and reliance with particularity sufficient to state a cause of action

Plaintiff's allegations sound in fraud, but the Amended Complaint fails under the heightened pleading standards required under Federal Rule of Civil Procedure 9(b). Under Rule 9(b), to state a claim for fraud, a party must plead with "particularity the circumstances constituting the fraud," and the allegations must "be specific enough to give defendant's notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1018-19 (9th Cir. 2001). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess*, 317 F.3d at 1107. That is the case here.

Plaintiff fails to plead the purported fraudulent activity by any of the defendants and only asserts conclusory allegations of fraud against "Defendant(s)" without any factual support. Offering no specific or detailed factual allegations, Defendants cannot respond to the fraud claim. The purpose of Rule 9(b) will be fulfilled by dismissal of the action.

### 4. Plaintiff fails to allege how he was injured or what damages he incurred

Plaintiff alleges that he seeks $77,000 in compensatory damages, but he has not stated sufficient facts that show how he was injured and what damages he sustained.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

The Court identified to Plaintiff the defects in his initial complaint and gave Plaintiff specific guidance on how to clear the defects. Because Plaintiff failed to address those defects, the Court can dismiss the Amended Complaint without leave to amend. Plaintiff's Amended Complaint should be dismissed, without leave to amend, as it fails dramatically on several different prongs. This Court can dismiss this amended complaint against all defendants for lack of subject matter jurisdiction under Rule 12 (b)(1), because there is no case or controversy between Plaintiff and Defendants. Even if the Court finds that Plaintiff has standing, dismissal is appropriate for lack of personal jurisdiction under Rule 12(b)(2). Dismissal is also proper for improper venue under Rule 12(b)(3). Additionally, Plaintiff does not allege with particularity any of the factual detail required under Rule 9(b) for any alleged fraudulent acts by any of the defendants. Finally, the court may also dismiss the Complaint against Defendants for failure to state of cause action under Rule 12(b)(6).

Dated: November 19, 2020     HANSRA CARDENAS LLP

By:     /s/ *Enedina S. Cardenas*

Jagdeep Hansra
Enedina S. Cardenas
Attorneys for Defendants Croft Enterprises LLC., Johnathan Frost, Paul Thomas Croft

# CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City of Cupertino, County of Santa Clara and my business address is 19925 Stevens Creek Boulevard, Suite 100, Cupertino, California 95014.

On November 19, 2020, I served the following document(s) on the parties in this action as follows:

**DEFENDANTS CROFT ENTERPRISES LLC, JONATHAN FROST, AND PAUL THOMAS CROFT'S NOTICE OF MOTION AND MOTION TO DISMISS**

**X (BY MAIL)** I caused each such envelope to the addressee(s) noted below, with postage thereon, fully prepaid to be placed in the United States mail in Benicia, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

___ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee(s) noted below.

___ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below.

___ (BY EMAIL) I caused to be delivered via email, at the email address noted below, a copy of each document listed above to the addressee(s) noted below.

**William David Bush**

**240 West St.**

**Sebastopol, CA 95472**

I declare under penalty of perjury, under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed on November 19, 2020 at Campbell, California.

/s/ Enedina S. Cardenas

Enedina S. Cardenas