JAGDEEP HANSRA (SBN 280689)
ENEDINA CARDENAS (SBN 276856)
**HANSRA CARDENAS LLP**
19925 Stevens Creek Blvd, Suite 100
Cupertino, CA 95014
Tel: (408) 475-7454
Fax: (415) 295-5313
Email: jh@ej-law.com
        ec@ej-law.com
Attorneys for Defendants
Croft Enterprises, LLC,
Jonathan Frost, Paul Thomas Croft

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM D. BUSH, <br><br> Plaintiff, <br><br> v. <br><br> CROFT ENTERPRISES, LLC, JOHNATHAN FROST, PAUL THOMAS CROFT, and DOES 1 through 25, inclusive, <br><br> Defendant(s). | Case No.: 20-cv-04059-SK <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS CROFT ENTERPRISES LLC, JOHNATHAN FROST, AND PAUL THOMAS CROFT'S MOTION TO DISMISS** |

Now before the Court is Defendants Croft Enterprises, LLC, Jonathan Frost, and Paul Thomas Croft's Motion to Dismiss. For the reasons outlined below, the Court hereby **GRANTS** Defendants' motion to dismiss, and dismisses the action in its entirety with prejudice.

/ / /

/ / /

## BACKGROUND

On June 16, 2020, Plaintiff filed his complaint against Defendants. (ECF No. 1.) It was not clear on the face of the complaint what the claims were and what the grounds upon which they rest. Because of this, the court *sua sponte* dismissed Plaintiff's complaint with leave to amend on July 17, 2020. (ECF No. 4.)

Plaintiff filed an amended pleading on August 3, 2020 (ECF No. 6.). In the amended pleading, Plaintiff alleges that he entered into some kind of verbal agreement with Defendants that was breached causing loss, damage and injury to Plaintiff. (ECF No. 6; pg. 2:15-19.) Plaintiff further alleges that the defendants "*proposed*" a 25% commission split to Plaintiff for new clients Plaintiff brought to Defendant Croft Enterprises LLC. (*Id*.; pg. 2:21-22.) In a conclusory fashion, Plaintiff alleges that "Actions taken together and pursued created a verbal business contract between the Plaintiff and the Defendant(s) enterprise."

Plaintiff also alleges that "Defendant(s) committed fraud" and "breached the legal business agreement." Although sounding in fraud, Plaintiff violates the pleading requirements of Rules 9(b) and 10(b), by failing to make detailed allegations regarding the defendant's purported fraud.

Plaintiff alleges in conclusory fashion that he was "damaged by the actions of the Defendant(s), with the loss of significant time, general operation costs, and injury to his reputation." Plaintiff seeks damages in the amount of $77,000.

The allegations in Plaintiff's amended complaint make clear that the Court lacks personal jurisdiction over the named defendants. Plaintiff alleges that Croft Enterprises, LLC is a corporation with a principal place of business in Minneapolis Minnesota. Plaintiff's amended complaint also acknowledges that the individual defendants "are all residents of different States." (ECF No. 3; pg. 1:18-19.)

In support of their Motion, Defendants submitted Declarations of Johnathan Frost, President of Croft Enterprises, LLC, and Paul Croft, CEO of Croft Enterprises, LLC. Defendant Croft Enterprises, LLC is a Minnesota limited liability company headquartered in Minneapolis, Minnesota. (Declaration of Paul Thomas Croft (Croft Decl.),      ¶ 5.) Croft

**HANSRA CARDENAS LLP.**
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

Enterprises, LLC has its principal executive office in Minneapolis, Minnesota. (Croft Decl. ¶ 5.) The company offers tax planning and financial services. (Croft Decl. ¶ 13.) It has offices and employees in Chicago, Illinois, Chattanooga, Tennessee, and West Palm Beach Florida. (Croft Decl. ¶ 12.) Defendant Croft Enterprises, LLC is not registered to do business in California. (Croft Decl. ¶ 7.) Further, Defendant Croft Enterprises, LLC has no agent for service of process in California. (Croft Decl. ¶ 7.) Defendant Croft is a resident of Minnesota. (Croft Decl. ¶ 15.) Defendant Frost is a resident of Tennessee. (Declaration of Jonathan Frost (Frost Decl. ¶ 4.) None of the Defendants maintain any bank accounts or financial accounts in California. (Frost Decl. ¶ 6; (Croft Decl. ¶¶ 9, 17.) None of the Defendants have paid taxes in the state, nor have they ever filed or been named as a defendant in a lawsuit filed in California. None of the Defendants have ever: (1) owned or leased any property in California; (2) maintained an office here; (3) maintained an address, P.O. Box or telephone listing in this state; (4) maintained any employees; (5) maintained a telephone number or (5) maintained any other physical presence in California. (Croft Decl. ¶¶ 16-20; (Frost Decl. ¶¶ 5-9.) As such, Defendants are not "essentially at home in California," as is required for California courts to exert general jurisdiction over the Defendants.

## LEGAL STANDARD

A motion pursuant to FRCP 12(b)(1) tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint. Such a motion may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cit. 2004). In this case, on the face of the pleading, it shows the lack of subject matter jurisdiction. The court is presumed to lack jurisdiction unless to contrary appears affirmatively from the record. *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Specifically:

"When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case,

HANSRA CARDENAS LLP.
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001) (citations and internal quotations omitted).

A motion to dismiss an action under FRCP 12(b)(2) is an assertion that the federal court lacks personal jurisdiction over the defendant. The plaintiff then bears the burden of demonstrating that the Court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cit. 2004). There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. *Sher v. Johnson* 911 F.2d 1357, 1361 (9th Cir. 1990); *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977). California's jurisdictional statute is co-extensive with federal due process; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis. *Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587 (9th Cir. 1993).

A defendant has an "individual liberty interest" that is protected by the Due Process Clause. *Insurance company of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-703 (1982). The Due Process Clause is a "guarantor against inconvenient litigation," and it creates a standard "typically described in terms of 'reasonableness' and 'fairness'…" *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1980).

As with jurisdiction, the plaintiff bears the burden to plead and prove proper venue. Plaintiff has failed to allege any facts to support venue in this district. As the Supreme court recently confirmed, whether venue I proper must be determined solely by the applicable venue statute, in this case 28 U.S.C. § 1391. § 1391 provides for only three venue alternatives:

(b)Venue in General.—A civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

"Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted." *Strigliabotti v. Franklin Res., Inc.*, No. C 04-00883 SI, 2005 U.S. Dist. LEXIS 9625, at *6 (N.D. Cal. Mar. 7, 2005); F.R.C.P. 12(b)(6). "Conclusory allegations of law. . . are insufficient to defeat a motion to dismiss." *Stereoscope, Ltd. Liab. Co. v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 725, 726 (9th Cir. 2017) (unpublished) (quoting *Lee v. City of Los Angeles,* 250 F.3d 668, 679 (9th Cir. 2001)).

Dismissal is appropriate under FRCP 12(b)(6) when a plaintiff's allegations fail "to state a claim upon relief can be granted." In ruling on a motion to dismiss, courts must "accept all material allegations of fact as true and construe the complaint in the light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal ("Iqbal")*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusion' or a 'formulaic recitation of the elements of a cause of action will not.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555, 557. Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [it] has not alleged. *Associated Gen'l Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

### ANALYSIS

**A. Plaintiff Fails to Allege a Case or Controversy between Plaintiff and Defendants**

Plaintiff fails to show he has standing and that he suffered economic or reputational injury flowing directly from any alleged conduct of Defendants. There is no case and controversy to sustain subject matter jurisdiction.

**B. This Court Lacks Personal Jurisdiction Over Defendants**

Defendants are not subject to personal jurisdiction in this Court. FRCP 12(b)(2).

**1. General Jurisdiction**

Plaintiff does not allege sufficient facts to establish that any of the defendants have systematic and continuous contacts with California for general jurisdiction. Plaintiff alleges that Croft Enterprises, LLC is a corporation with a principal place of business in Minneapolis Minnesota. Plaintiff's amended complaint also acknowledges that the individual defendants "are all residents of different States." (ECF No. 3; pg. 1:18-19.)

**2. Specific jurisdiction**

The United States Supreme Court has repeatedly reiterated that it is "the defendant's suit-related conduct [that] must create a substantial connection with the forum." *Walden*, 571 U.S. at 285. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 137 S. Ct. at 1781. Plaintiff has not established that the Defendants purposefully availed themselves to the benefits of California, and that Defendants' contacts are with California, not only with the persons who reside in California.

Under the second prong of the Ninth Circuit test, Plaintiff has not established that his causes of action arise from Defendants' activities in California. *Axiom Foods*, 874 F.3d at 1068; *Williams*, 851 F.3d at 1023. Plaintiff cannot do so when he is the one who reached out to a foreign entity. In his Amended Complaint, Plaintiff only alleges that the defendants made a verbal agreement with him. They were not physically present in California. Nor can plaintiff allege that there were activities conducted by any of the defendants in California that were so "continuous and systematic" that they approximate physical presence in California. Thus, Plaintiff fails to sufficiently allege the second prong of the Ninth Circuit test for specific jurisdiction, i.e., that Plaintiff's claims arise out of or relate to Defendants' California activities.

**C. The Northern District Court of California in Not the Proper Venue**

Plaintiff has failed to allege any facts to support venue in this district. As alleged by Plaintiff, Croft Enterprises, LLC has its principal place of business in Minnesota. Thus,

subsection (1) is inapplicable. Plaintiff has failed to allege any facts to support "a substantial part of the events or omissions giving rise to the claim occurred" in California. Subsection (3) is inapplicable because Plaintiff could have brought the claim in the District Court for the District of Minnesota where defendants reside.

### D. Plaintiff Fails to Plead any Cause of Action Against Defendants

The Court's order to dismiss instructed Plaintiff that he needed to allege (1) the action by each Defendant that gave rise to Plaintiff's claims, (2) what laws or rights violated by each Defendant's conduct, and (3) how Plaintiff was harmed. (ECF No. 4.) The amended complaint fails to address these deficiencies. In fact, the allegations have changed. The initial complaint appeared to allege that defendants provided incorrect or fraudulent tax advice to Plaintiff and his brother. The amended complaint appears only to allege that there was a verbal agreement for plaintiff to provide defendants with new client(s) (his brother?) and receive some kind of commission in exchange. In conclusory fashion, Plaintiff says that defendants breached the verbal agreement but doesn't allege the actions by each of the defendants that give rise to any cause of action. It is still unclear whether there was an agreement, whether there was acceptance, what the breach was, and what the damages were.

#### 1. Plaintiff's Shotgun Pleading is Impermissible

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

California courts have identified two common types of shotgun pleading: One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then "each count incorporates every antecedent allegation by reference[.]" *Sollberger v.*

*Wachovia Sec., LLC*, No. SACV 09-0766 AG (ANX), 2010 U.S. Dist. LEXIS 66233, at *12 (C.D. Cal. June 30, 2010); *See also, Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011); *Harris*, No. 2:11-cv-2186 GEB KJN PS, 2012 U.S. Dist. LEXIS 58147, at *27 n.15; *Zinzuwadia v. Mortg. Elec. Registration Sys.*, No. 2:12-cv-02281-KJM-KJN PS, 2012 U.S. Dist. LEXIS 182797, at *19 (E.D. Cal. Dec. 27, 2012). The Amended Complaint is quintessential "shotgun" pleading in violation of Federal Rules of Civil Procedure 8(a)(2). In his amended complaint, Plaintiff lumps together all of the defendants and charges all of the defendants of entering into some verbal agreement, breaching that agreement, and engaging in some kind of fraudulent activity. The Court should dismiss the amended complaint based on this defect alone.

### 2. Plaintiff does not state a cause of action for breach of contract

To state a claim for breach of contract under California law, a plaintiff must allege (1) the existence of a contract; (2) that he performed or that his performance is excused; (3) defendant breached the contract; and (4) damages resulted from that breach. *See Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (2009). Plaintiff has not alleged any of the elements. First, there is no allegation that a contract between the parties exist. In fact, Plaintiff only alleges that a commission was *proposed*. Second, Plaintiff has not alleged that he performed or that performance was excused. Plaintiff has not alleged how defendant breached the purported agreement, nor has Plaintiff alleged facts to support damages.

### 3. Plaintiff Fails to Allege Fraud and Reliance with Particularity Sufficient to State a Cause of Action

Plaintiff's allegations sound in fraud, but the Amended Complaint fails under the heightened pleading standards required under Federal Rule of Civil Procedure 9(b). Under Rule 9(b), to state a claim for fraud, a party must plead with "particularity the circumstances constituting the fraud," and the allegations must "be specific enough to give defendant's notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1018-19 (9th Cir. 2001).

"Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess*, 317 F.3d at 1107. That is the case here.

As the Ninth Circuit stated in *Kearns*, one of the purposes of Rule 9(b) is "to prohibit plaintiffs from unilaterally imposing on the court, the parties and society enormous social and economic costs absent some factual basis" for a fraud claim. *Kearns*, 567 F.3d at 1125 (citations and internal quotation marks omitted). Plaintiff fails to plead the purported fraudulent activity by any of the defendants and only asserts conclusory allegations of fraud against "Defendant(s)" without any factual support.

### 4. Plaintiff fails to allege how he was injured or what damages he incurred

Plaintiff alleges that he seeks $77,000 in compensatory damages, but he has not stated sufficient facts that show how he was injured and what damages he sustained.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss, and dismisses the action in its entirety with prejudice.

**IT IS SO ORDERED.**

Date: _____

_____
SALLIE KIM
United States District Magistrate Judge

**CERTIFICATE OF SERVICE**

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City of Cupertino, County of Santa Clara and my business address is 19925 Stevens Creek Boulevard, Suite 100, Cupertino, California 95014.

On November 19, 2020, I served the following document(s) on the parties in this action as follows:

**[PROPOSED] ORDER GRANTING DEFENDANTS CROFT ENTERPRISES LLC, JOHNATHAN FROST, AND PAUL THOMAS CROFT'S MOTION TO DISMISS**

**X (BY MAIL)** I caused each such envelope to the addressee(s) noted below, with postage thereon, fully prepaid to be placed in the United States mail in Benicia, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

___ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee(s) noted below.

___ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below.

___ (BY EMAIL) I caused to be delivered via email, at the email address noted below, a copy of each document listed above to the addressee(s) noted below.

**William David Bush**

**240 West St.**

**Sebastopol, CA 95472**

I declare under penalty of perjury, under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed on November 19, 2020 at Campbell, California.

/s/ Enedina S. Cardenas

Enedina S. Cardenas