UNITED STATES DISTRICT COURT OF NORTHERN CALIFORNIA SAN FRANCISCO DIVISION

William D Bush,

Plaintiff,

V.

Croft Enterprises LLC, Jonathan Frost, Thomas Croft and Does 1- 25, inclusive,

Defendants,

Case no. 20-cv-04059-SK

FILED
DEC 04 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Before the Court is the Plaintiffs response to the Defendants, Croft Enterprises LLC et al. motion to dismiss with prejudice in entirety;**

The Defendants acknowledge the Plaintiffs allegations of which the parties entered into the legal standard of a verbal business agreement ie. contract; and that I am alleging the defendants in the course of executing said verbal agreement, the Defendants breached said agreement by means of deception and fraud; Actions taken which caused significant injury to my reputation, business standing, time and expense to which the Defendants owe just compensation, by which I am before this court demanding $77,700 in total damages, without including court costs, nor moral punitive damages as this court may see fit to award in adjudication of this lawsuit.  The complaint pled, has been accepted by this court as meeting the statutory minimum in terms of cause of action, be it that the court did and could as easily again deny the pleading sua sponte for being improper and deficient in allegation articulation; In this case the court has already addressed the Defendants charge of allegation insufficiency.

The initial statements made by defense counsels motion seem to acknowledge the same understanding, while then later in the motion, they digress. (ECF no. 18-3 pg 2 10-13.) "Plaintiff alleges that "actions taken together and pursued created a verbal business contract between the Plaintiff and the Defendant(s) enterprise."" to then analyze in (ECF no. 18-3 pg. 8 line 16.) "First, there is no allegation that a contract between the parties exists." Clearly there was an allegation made that a verbal legally binding contract exists, it was 'proposed' and *accepted* by the parties.  To which the defendants are surely aware of what specific business arrangements I am demanding upon; And in the course of initial discovery, I shall provide all the preliminary evidence I plan to present as proof to such claims; excluding impeachment articles.

The Defense is attempting to move the court to dismiss all the charges with prejudice, before having any meritful discussion on the facts of the matter, disputed or not. This motion to dismiss is wholly premature, lacks depth and reasonable perspective of the considerable elements involved in this lawsuit.  I believe it would be prudent of the court to deny the Defenses motion and allow counsel for the defendants and I schedule an early settlement conference with preliminary disclosures. This motion to dismiss is my first contact with the Defendants, or their representation, since the incident under question.  I believe leave to discuss the legal circumstances with the defendant's lawyers is clearly productive, and the most efficient use of the courts time and attention; allowing the law professionals the evidence, and further information they are needing to make a full and qualified case examination and hence analysis. The Parties may then be able to consider an alternative dispute resolution.

**Movant Has Purposefully Directed Activities Towards Residents of This State**

Nonmovant has shown that Movant purposefully directed activities towards residents of this state. Movant's arguments to the contrary do not accurately describe Movant's activities, and

the Plaintiff objects to the defenses statement (ECF 18-3 pg. 6 lines 18-19) that "Plaintiff cannot do so when he is the one who reached out to the foreign entity." as false and misleading the court.

In determining whether the defendant purposefully directed its activities towards residents of the state, the court only considers the defendant's activities that are related to the plaintiff's claims. *Walden v. Fiore*, 571 U.S. 277, 282-84 (2014); *Senne v. Kan. City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1021 (N.D. Cal. 2015). The Plaintiff provides allegation and the defense concedes there are communications, wire and mail having been transmitted to and from California by the defendants; affecting the plaintiff a California resident, his brother another California resident, and his wife and two children also being targeted. Additionally, the agency plan, initiated and was intended to develop in California, and was to be targeting California residents with an ill-advised tax scheme, which would have financially injured many residents in the state, and lands within this Courts Jurisdiction. The Defendants almost certainly have other clients and potential victims in California, not yet known. Either way the defendants have an ongoing interest doing business in California, and are operating remotely via the telecommunications networks to expand their scheme into California territory, availing themselves to the Authority of this Federal State Court with Diversity of Jurisdiction.

### Movant's Conduct Satisfies the Effects Test

Movant's conduct satisfies the effects test. First, Movant engaged in intentional conduct that was aimed at this state. Second, Movant knew, or should have known, that the conduct would harm Nonmovant here. That is all that the effects test requires. Under the "effects test," the purposeful availment requirement is satisfied if the defendant's conduct was expressly aimed at the forum state and the defendant knew, or should have known, that the conduct would harm the plaintiff there. *Calder v. Jones*, 465 U.S. 783, 789 (1984) (adopting effects test for specific

jurisdiction and setting forth its two elements); *Fiore v. Walden*, 657 F.3d 838, 848 (9th Cir. 2011). For a defendant's conduct to satisfy the effects test, the plaintiff must show that the defendant's conduct was aimed specifically at this state instead of another state or the nation as a whole. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004) (holding that the defendant's conduct did not satisfy the expressly aimed requirement because it targeted Ohio, not California).

### The Purposeful Availment Requirement Is Satisfied Here Because Movant Regularly Placed Its Product in the Stream of Commerce and the Product Reached This State

This court should find that Movant's placement of its product into a stream of commerce satisfies the purposeful availment requirement. Members of the U.S. Supreme Court have endorsed a stream of commerce theory of personal jurisdiction in plurality opinions, and lower courts have likewise found that the placement of goods into a stream of commerce can satisfy the purposeful availment requirement. This court should do the same.

### Movant Has Purposefully Availed Itself of the Privilege of Conducting Business in This State

Movant's business contacts with this state were not random or fortuitous. Instead, those contacts were intentional and purposeful. Movant therefore has purposefully availed itself of the privilege of conducting business in this state. In determining whether the defendant purposefully availed itself of the privilege of conducting business in the state, the court only considers the defendant's activities in the state that are related to the plaintiff's claims. *Walden v. Fiore*, 571 U.S. 277, 282-84 (2014); *Senne v. Kan. City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1021 (N.D. Cal. 2015).

**Movant Has Not Shown That the Exercise of Specific Jurisdiction Would Fail to Satisfy Due Process**

Nonmovant has satisfied its burden of showing that the first two requirements for specific jurisdiction are satisfied, and the burden therefore shifts to Movant to show that the exercise of specific jurisdiction would be unreasonable and run afoul of due process. Movant has not made, and cannot make, such a showing. To determine whether the exercise of personal jurisdiction is reasonable, courts consider the burden on the defendant of litigating in the forum, the interests of the forum state in deciding the case, the plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest in obtaining the most efficient resolution of the controversy, and the shared interests of the states in furthering social policy. *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1786 (2017); *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1175 (9th Cir. 2006).

*Concluding Stance*

If the court determines that it lacks personal jurisdiction over Movant, the court should transfer this action to another district where the court can exercise personal jurisdiction over Movant instead of dismissing this action.

**In Affect, if this Court determines otherwise to the Nonmovant: The Court should transfer this action to a District where the Court has personal jurisdiction over Movant(s)**

**Sin Cera,**

**William D. Bush, Plaintiff, Pro Se.**

**Date: 11/24/2020**