JAGDEEP HANSRA (SBN 280689)
ENEDINA CARDENAS (SBN 276856)
**HANSRA CARDENAS LLP**
19925 Stevens Creek Blvd, Suite 100
Cupertino, CA 95014
Tel: (408) 475-7454
Fax: (415) 295-5313
Email: jh@ej-law.com
      ec@ej-law.com
Attorneys for Defendants
Croft Enterprises LLC,
Jonathan Frost, Paul Thomas Croft

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM D. BUSH, <br><br> Plaintiff, <br><br> v. <br><br> CROFT ENTERPRISES, LLC, JOHNATHAN FROST, PAUL THOMAS CROFT, and DOES 1 through 25, inclusive, <br><br> Defendant(s). | Case No.: 20-cv-04059-SK <br><br> **DEFENDANTS CROFT ENTERPRISES LLC, JONATHAN FROST, AND PAUL THOMAS CROFT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** <br><br> Date: January 11, 2021 <br> Time: 9:30 a.m. <br> Judge: Hon. Sallie Kim <br> Courtroom: C – 15th Floor |

**I. Introduction**

Plaintiff's opposition focuses entirely on the personal jurisdiction argument, but fails to address the improper venue and the court's lack of subject matter jurisdiction. Plaintiff appears to address the Defendants' argument that he lacks facts sufficient to constitute a cause

of action by saying that Defendants acknowledge Plaintiff's allegations – they have not. The crux of Defendants' 12(b)(6) argument is that Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Glaringly absent from the Plaintiff's opposition are any facts to support any claim, proving that amendment would be futile.

Instead, Plaintiff asks the Court to discuss the merits with Defendants and for an early settlement conference, but that doesn't deal with the threshold matter here – that plaintiff's amended pleading cannot survive this motion to dismiss. This court lacks jurisdiction over the defendants and this procedural hurdle must be first established before the case can move to the merits. Plaintiff's Opposition fails to address the glaring deficiencies in the amended complaint. The court can dismiss Plaintiff's amended complaint with prejudice.

## II.  There is no case or controversy alleged by Plaintiff

To survive a 12(b)(1) motion at the pleading stage, the plaintiff must allege facts demonstrating each element of standing in the complaint. Plaintiff has failed to clearly allege facts demonstrating injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is '***concrete and particularized***' and '***actual or imminent, not conjectural or hypothetical***.'" *Lujan v. Defenders of Wildlife, et. al.*, 504 U.S. 555, 560 (1992) (emphasis added). Plaintiff's opposition fails to point to any invasion of a legally protected interest that caused Plaintiff actual harm. Plaintiff alleges in a conclusory fashion that he suffered injury to his reputation, business standing, time and expense, but those aren't damages recoverable in a breach of contract action. Therefore, Plaintiff continues to lack standing to assert any of his claims. There is no case and controversy to sustain subject matter jurisdiction and this court can dismiss the case with prejudice pursuant to FRCP 12(b)(1).

## III.  Plaintiff cannot point to facts to support his claims

Plaintiff has not responded substantively to Defendants' arguments that Plaintiff's claims are insufficiently pleaded. In the opposition, Plaintiff doesn't allege facts to support a claim; instead, he simply argues in conclusory action that "the defendants are surely aware of

HANSRA CARDENAS LLP.
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

what specific business arrangements I am demanding upon." (Plaintiff's Opp. 2:7-8.) Plaintiff claims that he will provide the evidence in discovery. That does not satisfy the pleading standard. Plaintiff's arguments lack factual content that would allow the court to draw a reasonable inference that the defendant is liable for any alleged misconduct or that any defendant harmed plaintiff.

## IV. Plaintiff Fails to Address Most of Defendants' Arguments

The Motion to Dismiss can be granted because Plaintiff fails to respond to the defense arguments that venue is improper, that the amended complaint fails to meet requirements of Rule 9(b), that the court lacks subject matter jurisdiction, and that plaintiff lacks standing. *Bogart v. Glenmark Generics, Inc.*, USA, 2014 WL 5800577, at *5 (S.D. Cal. Nov. 7, 2014) (plaintiff's failure to respond to an argument in opposition to motion to dismiss amounts to a concession and such claims should be dismissed). These pleading failures warrant dismissal of all of Plaintiff's claims.

## V. Plaintiff has not established this Court can exercise personal jurisdiction over Defendants

Plaintiff spends the bulk of his opposition arguing that the court should exercise personal jurisdiction over the three non-resident defendants. But, Plaintiff doesn't offer any facts to support the theories raised.

### A. Whether this Court has specific personal jurisdiction over Defendants turns on Defendants' contacts with this state, not contacts with Plaintiff

Plaintiff's opposition continues with the flawed conclusory allegations found in the Amended Complaint. As it relates to the purposeful availment requirement for personal jurisdiction, Plaintiff asserts without any facts that he has shown that defendants purposefully directed activities toward residents of the state. Here, Plaintiff argues that Defendants have sufficient 'minimum contacts' with California because he alleges there exist communications "having been transmitted to and from California by the defendants." (Plaintiff's Opp. 3:7-9.) This is not the standard for purposeful availment: "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571

**HANSRA CARDENAS LLP.**
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

U.S. 277, 286 (2014). Instead, the focus is on the contacts defendants have with California, not residents of the state. *Id.* at 285. Applying the U.S. Supreme court's principals in *Walden*, Plaintiff has failed to make a sufficient prima facie showing of minimum contacts. Plaintiff has not alleged, nor can he allege that Defendants affirmatively initiated communications with Plaintiff. Plaintiff does not allege, nor can he allege, that Defendants intentionally availed themselves of the markets in this district. Plaintiff's claimed injuries (if any) could have occurred in any state in the country, depending entirely where he chose to live. Allowing Plaintiff's choice to live in California to drive the jurisdictional determination would not comport with notions of due process. Plaintiff has not alleged facts that Defendants purposefully directed activities into the state of California.

Plaintiff does not show that the effects test can be satisfied. Plaintiff has not shown that any of the defendants' conduct was aimed specifically at this state instead of another state. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004).

Plaintiff also cites *Senne v. Kansas City Royals Baseball Corp.*, 105 F.Supp.3d 981, 1018-21 (N.D. Cal. 2015). In *Senne*, the court found no personal jurisdiction over certain out of state baseball clubs despite their regular travel to California for games and scouting, even though they had certain employees based in the state, and they had received some revenue from Internet and television broadcasts in the state. Again, merely "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Similarly, engaging in conversations with Plaintiff, a California resident, does not in and of itself create sufficient contact with California.

**B. Plaintiff has not alleged facts to support his stream of commerce theory for personal jurisdiction**

Plaintiff's stream of commerce argument is also flawed because Plaintiff does not allege facts that defendants engaged in any of the required purposeful targeting. Plaintiff alleges that Defendants have contact with California by "operating remotely via telecommunication networks to expand scheme in California." (Plaintiff's Opp. 3:15-16.) The

4

Ninth Circuit has adopted Justice O'Connor's "stream-of-commerce plus" analysis, holding that the "placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state." *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) (*citing Asahi Metal Indus. Co. v. Sup. Ct.*, 480 U.S. 102, 112 (1987)). "Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." *Id*. A defendant must do "something more" than placing a product into the stream of commerce to support a theory of purposeful availment. *Id*. Plaintiff has not alleged facts to support an allegation that Defendants placed their services into the stream of commerce, nor has Plaintiff established that Defendants engaged in the requisite "something more" to establish jurisdiction.

Plaintiff has failed to identify any additional facts that could subject defendants to personal jurisdiction in California, leave to amend would be futile and the court should dismiss with prejudice. *See Foman v. Davis*, 371 U.S. 178,182 (1962); *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004).

### C. The court's exercise of personal jurisdiction over Defendants would not comport with fair play and substantial justice

If the court were to find that it has either general or specific personal jurisdiction over Defendants - which Defendants contend the facts would not support - it would be unreasonable for it to exercise that jurisdiction. The court must consider each of the defendants' conduct in light of additional factors to determine whether the assertion of personal jurisdiction comports with fair play and substantial justice. But the court can't really do that because Plaintiff has failed to allege any specific facts describing what each of the defendants did to cause him harm. The court should also decline to exercise jurisdiction over these non-resident defendants because a significant and extreme burden would continue to be imposed if they were required to defend themselves in California. None of the defendants live or work in California. California has little discernable interest in adjudicating these claims against the non-resident defendants. Nowhere in the Amended Complaint or in the opposition

HANSRA CARDENAS LLP.
19925 Stevens Creek Blvd, Suite 100
Cupertino, CA 95014

does Plaintiff enumerate any specific conduct on the part of the defendants occurring or directed toward California. Moreover, Plaintiff has not stated any facts that any of the defendants' specific conduct in California caused Plaintiff's claimed injury. It would be in violation of the spirit of fair play and substantial justice to require the defendants to require them to suffer the burden of defending themselves against Plaintiff's vague claims in California.

### VI. Conclusion

In summary, Plaintiff has failed to allege facts sufficient to establish an injury in fact. Plaintiff has no standing. The Court lacks subject matter jurisdiction on the face of the Amended Complaint. Additionally, there is no basis to extend personal jurisdiction over three non-resident defendants when Plaintiff cannot show the required minimum contacts or purposeful availment. For these reasons, and for the reasons stated in the moving papers, Defendants request that Plaintiff's amended complaint be dismissed with prejudice.

Dated: December 10, 2020                HANSRA CARDENAS LLP

                                        By:   /s/ Enedina S. Cardenas

                                              Jagdeep Hansra
                                              Enedina S. Cardenas
                                              Attorneys for Defendants Croft
                                              Enterprises LLC, Jonathan Frost, and
                                              Paul Thomas Croft

# CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City of Cupertino, County of Santa Clara and my business address is 19925 Stevens Creek Boulevard, Suite 100, Cupertino, California 95014.

On December 10, 2020, I served the following document(s) on the parties in this action as follows:

**DEFENDANTS CROFT ENTERPRISES LLC, JONATHAN FROST, AND PAUL THOMAS CROFT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

**X (BY MAIL)** I caused each such envelope to the addressee(s) noted below, with postage thereon, fully prepaid to be placed in the United States mail in Benicia, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

___ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee(s) noted below.

___ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below.

___ (BY EMAIL) I caused to be delivered via email, at the email address noted below, a copy of each document listed above to the addressee(s) noted below.

**William David Bush**

**240 West St.**

**Sebastopol, CA 95472**

I declare under penalty of perjury, under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed on December 10, 2020 at Campbell, California.

/s/ Enedina S. Cardenas

Enedina S. Cardenas