**UNITED STATES DISTRICT COURT OF NORTHERN CALIFORNIA SAN FRANCISCO DIVISION**

FILED
FEB 04 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**William D Bush,**

**Plaintiff,**

**V.**

**Croft Enterprises LLC, Jonathan Frost, Thomas Croft and Does 1- 25, inclusive,**

**Defendants,**

Case no. 20-cv-04059-SK

**Before the Court is the Plaintiffs response to the Defendants, Croft Enterprises LLC et al. motion to dismiss with prejudice in entirety, and amending Complaint elements;**

As a matter of personal jurisdiction

***A motion to dismiss an action under FRCP 12(b)(2) is an assertion that the federal court lacks personal jurisdiction over the defendant. The plaintiff then bears the burden of demonstrating that the Court has jurisdiction over the defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cit. 2004).***

Plaintiff has alleged that the Defendants purposefully directed activities towards residents of the State of California, while indirectly taking action remotely in and against the State of California's franchise. Defendants arguments to the contrary to the Plaintiffs claims and the activities briefly described in the complaint are disputed and the plaintiff demands a trial by jury to decide the merit of the facts discoverable in this matter.

**UNITED STATES DISTRICT COURT OF NORTHERN CALIFORNIA SAN FRANCISCO DIVISION**

FILED

FEB 04 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**William D Bush,**

**Plaintiff,**

**V.**

**Croft Enterprises LLC, Jonathan Frost, Thomas Croft and Does 1- 25, inclusive,**

**Defendants,**

Case no. 20-cv-04059-SK

**Before the Court is the Plaintiffs response to the Defendants, Croft Enterprises LLC et al. motion to dismiss with prejudice in entirety, and amending Complaint elements;**

As a matter of personal jurisdiction

***A motion to dismiss an action under FRCP 12(b)(2) is an assertion that the federal court lacks personal jurisdiction over the defendant. The plaintiff then bears the burden of demonstrating that the Court has jurisdiction over the defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cit. 2004).***

Plaintiff has alleged that the Defendants purposefully directed activities towards residents of the State of California, while indirectly taking action remotely in and against the State of California's franchise. Defendants arguments to the contrary to the Plaintiffs claims and the activities briefly described in the complaint are disputed and the plaintiff demands a trial by jury to decide the merit of the facts discoverable in this matter.

In determining Jurisdiction, the court should accept the indisputable fact that the Defendants purposefully directed their activities towards the State of California and its residents; the court need only consider the downstream ramifications from the allegations against California residents and their direct fiscal connection relationship with and to the State, and the initial evidence provided by the Plaintiff in exhibits. The Defendants are located and operating from different federal jurisdictions, making this court venue in California the most suitable federal nexus for jurisdiction over the business activities described, thus giving this court the legal authority to adjudicate the matters described in the complaint(s.) These business activities were transmitted into California remotely via remote wire conferencing, and the violations virtually occurred in California, therefore making the jurisdictional basis of the Plaintiff's claims in this case appropriate in this venue.

The Plaintiff alleges breaches of contract through an illegal tax scheme artifice; The general conspiracy statute, 18 U.S.C. § 371, creates an offense "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose. (emphasis added). *See* Project, *Tenth Annual Survey of White Collar Crime*, 32 Am. Crim. L. Rev. 137, 379-406 (1995)(generally discussing § 371).

Additionally in connection with the breach of contract allegations, the Plaintiff alleges the Defendants acted in a coordinated fashion and conspired to commit wire fraud, 18 U.S.C. § 1343, by transmitting communication with illicit intention to defraud into California; affecting the Plaintiff, a California resident, his brother, another California resident with his wife and two children. *United States v. Briscoe*, 65 F.3d 576, 583 (7th Cir. 1995) (*citing United States v. Ames Sintering Co.*, 927 F.2d 232, 234 (6th Cir. 1990) (per curiam)); *United States v. Frey*, 42 F.3d 795, 797 (3d Cir. 1994) (wire fraud is identical to mail fraud statute except that it speaks of communications

transmitted by wire); *see also, e.g., United States v. Profit*, 49 F.3d 404, 406 n. 1 (8th Cir.) The Plaintiff provides exhibits as evidence of facts purported to the allegations herein.

The four essential elements of the crime of wire fraud are, and the Plaintiff hereby alleges: (1) that the defendants voluntarily and intentionally devised or participated in a scheme to defraud the Plaintiff and his brother out of money; (2) that the defendants did so with the intent to defraud; (3) that it was reasonably foreseeable that interstate wire communications would be used; and (4) that interstate wire communications were in fact used in this case. (*citing* Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 6.18.1341 (West 1994)), *cert. denied*, 115 S.Ct. 2289 (1995); *United States v. Hanson*, 41 F.3d 580, 583 (10th Cir. 1994) The two elements comprise the crime of wire fraud and the Plaintiff hereby alleges that the Defendants took actions in: (1) a scheme or artifice to defraud; and (2) used interstate wire communication to facilitate that scheme; (*United States v. Faulkner*, 17 F.3d 745, 771 (5th Cir. 1994)) The essential elements of wire fraud are: (1) a scheme to defraud and (2) the use of, or causing the use of, interstate wire communications to execute the scheme), *cert. denied*, 115 S.Ct. 193 (1995); *United States v. Cassiere*, 4 F.3d 1006 (1st Cir. 1993) The Plaintiff intends to prove wire fraud by showing the Defendants (1) scheme to defraud by means of false pretenses, (2) defendant's knowing and willful participation in scheme with intent to defraud, and (3) use of interstate wire communications in furtherance of scheme); *United States v. Maxwell*, 920 F.2d 1028, 1035 (D.C. Cir. 1990) ("Wire fraud requires proof of (1) a scheme to defraud; and (2) the use of an interstate wire communication to further the scheme.").

The Plaintiff provides the exhibits filed timely with this motion as evidence to facts of the allegations made by the Plaintiff hereto. The Plaintiff has established that the Defendants purposefully availed themselves to the benefits of doing business in California, and that Defendants' business directly affects California, not only with the persons who reside in California. The Plaintiff at trial intends to prove that the tax scheme designed by the Defendants is clearly illegal, the defendants knew so, and intentionally injured the Plaintiff as described in the amended complaint to this court and by which the Plaintiff demands $77,700 in damages in compensation from the Defendants. .

**Sin cera,**

**William D. Bush, Plaintiff, Pro Se.** **Date: 1/26/2021**



Dear Client Name,

This letter is to confirm and specify the terms of our engagement with you and to clarify the nature and extent of the services we will provide. In order to ensure an understanding of our mutual responsibilities, we ask all clients for whom returns are prepared to confirm the following arrangements.

We will prepare your 2018, 2017, and 2016 federal and state income tax returns from information which you will furnish to us. We will not audit or otherwise verify the data you submit, although it may be necessary to ask you for clarification of some of the information. We will furnish you with questionnaires and ask for documentation/ worksheets to guide you in gathering the necessary information.

It is your responsibility to provide all the information required for the preparation of complete and accurate returns. You should retain all the documents, canceled checks and other data that form the basis of income and deductions. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority. You have the final responsibility for the income tax returns and, therefore, you should review them carefully before you sign them.

Our work in connection with the preparation of your income tax returns does not include any procedures designed to discover defalcations and/or irregularities, should any exist. We will render such accounting and bookkeeping assistance as determined to be necessary for preparation of the income tax returns.

The law provides various penalties that may be imposed when taxpayers understate their tax liability. If you would like information on the amount or the circumstances of these penalties, please contact us.

Your returns may be selected for review by the taxing authorities. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination, we will be available upon request to represent you.

Our fee for these services will be based upon our agreement with you. All invoices are due and payable upon presentation.

If the foregoing fairly sets forth your understanding, please sign the enclosed copy of this letter in the space indicated and return it to our office. However, if there are other tax returns you expect us to prepare, please inform us by noting so at the end of the return copy of this letter.

We want to express our appreciation for this opportunity to work with you.

Very truly yours,

Paul Thomas Croft

CROFT Enterprises, LLC

**Signed by:** **Date:**

**Audit Protection Agreement**

This Audit Protection Agreement ("Agreement") is effective as of ___________, 20__ ("Effective Date") between CROFT ENTERPRISES, LLC, a Minnesota limited liability company ("Firm"), and _________________________ ("Client").

1. **Audit Protection.** In consideration of fees paid by Client to the Firm, including an aggregate audit protection fee of $500 per tax year for all of Client's returns, the Firm and Client agree as follows:

    a. If Client is contacted by the Internal Revenue Service ("IRS") for inquiries or other audit activity ("Audit") pertaining to tax returns or amendments prepared for Client as set forth in the Fee Based Agreement between the Firm and Client ("Prepared Tax Returns"), the Firm will represent Client and promptly and timely provide responsive information, engage in correspondence, phone calls, in-person conferences and hearings as needed with the IRS.

    b. Subject to subsection c below, if as a result of an Audit, if the IRS assesses any fees, interest or penalties relating the Prepared Tax Returns, the Firm is responsible for and will timely pay such fees, interest and penalties, up a maximum amount of its Tax Preparation Fee.

    c. Client will be solely responsible for any actual tax liability resulting from an Audit of the Prepared Tax Returns.

    d. The Firm's initial tax preparation fee forth in the Fee Based Agreement ("Tax Preparation Fee") will be reduced by the amount of tax liability Client incurs relating to an Audit for the Prepared Tax Returns. The Firm shall reimburse Client within thirty (30) days of receiving written evidence of Client submitting payment to the IRS to resolve such Audit tax liability ("Audit Tax Payment"). If Client's Audit Tax Payment is greater than the Tax Preparation Fee, upon Client's request, the Firm agrees to waive its fees for tax preparation or financial consultation services provided by the Firm in future years, in an amount up to the Audit Tax Payment made by Client.

2. **Late Fee Abatement.**

    a. If Client is assessed a late filing fee for a Form 1065 included in the Prepared Tax Returns, upon paying an abatement fee (removing the fee) of $350 for each year the late fee is assessed ($350 x 3 years = $1,050) ("Abatement Fee"), the Firm will use commercial reasonable efforts to abate the late filing fees with the IRS on behalf of Client. A maximum of $5,000 of the Tax Preparation Fee will be refunded to Client for unabated late fees relating to Client's Form 1065 or equal to the amount of the fee that was not successfully abated, whichever is less.

3. **Miscellaneous.** This Agreement will be governed by the laws of the State of Minnesota. Any dispute governing this Agreement shall be brought in a State or Federal court located in the

State of Minnesota. This Agreement shall govern and prevail over any conflicting provision in any other agreement between the parties as to audit protection provided by the Firm to Client.

This Audit Protection Agreement is agreed to as of the Effective Date.

| **CROFT ENTERPRISES, LLC** | **CLIENT:** |
| --- | --- |
| By: | |
| Title: | Name: |
| | Name: |



CROFT
ENTERPRISES

**CREDIT CARD PAYMENT FORM**

*We now accept: Visa, Mastercard, Discover, American Express, Diners Club, and JCB.

Type of card: ______________________________

Name on Card: ______________________________

Card Number: ______________________________

Expiration Date: ______________________________

Security Number: ______________________________
(The last 3 numbers on the back of card, or last 4 on front for AMEX)

Billing Address: ______________________________

Client Phone Number: ______________________________

Client Email Address: ______________________________

Signature: ____________________ Date: ____________________

**THANK YOU FOR THE OPPORTUNITY TO BE OF SERVICE!**

Croft Enterprises
333 Washington Avenue North
Suite 401 - Minneapolis, MN 55401
P: 612-220-7692
E: paul@CroftEnterprisesLLC.com
CroftEnterprisesLLC.com

| What Each Package Offers... | 1. Forgivable | 2. +Disaster | 3. +CARES Tax/Payroll |
|---|---|---|---|
| We Will Help You Complete The **Forgivable Loan Application** (when available) | ✓ | ✓ | ✓ |
| Assistance with **Payroll Presentation & Loan Underwriting** Process | ✓ | ✓ | ✓ |
| Completion Of **Accounting For Disbursements To Ensure Loan Is Forgiven** | ✓ | ✓ | ✓ |
| Assistance In **Addressing Responses From SBA & Other Banks** | ✓ | ✓ | ✓ |
| Assistance With The **Disaster Loan Application** As Necessary | | ✓ | ✓ |
| **Refinance Of Disaster Loan** Into Forgivable Loan If Necessary | | ✓ | ✓ |
| **Schedule of Liabilities** Listing All Fixed Debts (still required) | | ✓ | ✓ |
| **Submission Of Monthly Sales Figures** As Necessary (still may be required) | | ✓ | ✓ |
| **Submission Of Monthly Profit & Loss** For Application (still may be required) | | ✓ | ✓ |
| **Personal Financial Statements** As Needed For Applications (still required) | | ✓ | ✓ |
| Assist In **Deferral Of Your Payroll Taxes** For 2 Years With 50% Due By 2021/2022. | | | ✓ |
| Get A **$2,400/$1,200 Cash-Back Rebate** On Your 2019 Taxes (Sec 2201) | | | ✓ |
| Implementation of A **Payroll Tax Credit Up To $10,000 Per Employee** | | | ✓ |
| When The **$10,000 Cash Advance (Forgivable If Denied) Is Available, We'll Apply** | | | ✓ |
| Assess And **Implement Withdrawal Of Up To $100,000 Of Retirement** | | | ✓ |

CROFT Enterprises

Disaster Loan And
FREE Forgivable

10k 3 Day Advance & Up To $2M

$2,450

+

CARES Act Planning &
FREE Forgivable

Applications + Payroll Tax Deferral & Credits, Amended Returns, & More

$4,800

CROFT
ENTERPRISES
www.croftenterprisesllc.com

## Partnership Form

**Partnership Info:**

- Business Name:
- Address of Business:
- Phone Number of Business:
- Partnership Start Date:
  (If you are amending returns, your start date is January 1st of the first amended year)
- Detailed description of what your business/organization does?
- Businesses Filing in MN only - Does your business currently have a MN Tax ID? Yes or No *(circle one)* If yes, what is your MN Tax ID?
- Partner One
  - Name:
  - SSN:
  - Address:
  - Email Address:
  - Phone Number
  - DOB:
- Partner Two
  - Name:
  - SSN:
  - Address:
  - Email Address:
  - Phone Number
  - DOB:

**Percentage of Ownership Between Partners:**

**If 50/50 Ownership – list who the General Partner is and who the Limited Partner is**
**The General Partner is the person who gets correspondence from the IRS**

- General Partner
  Name:
  Percentage:
- Limited Partner
  Name:

Percentage:

Revised February 2020

Thu, Apr 16, 2020, 9:22 PM

**Paul Thomas Croft**
<paul@croftenterprisesllc.com>

to me, Stacey

Hi Will -

You can purchase our audit protection for $500 / year additional.

Does that help?

Best Regards,

CROFT
ENTERPRISES
Net Worth. Life Worth.

**Paul Thomas Croft**
CEO & Founder

 (612)220-7692

 PAUL@CROFTENTERPRISESLLC.COM

 CROFTENTERPRISESLLC.COM

**CHICAGO**
**20 WEST KINZIE**
20 W. Kinzie St.
Suite 1700
Chicago, IL
60654

**CHICAGO**
**OPTIMA SIGNATURE**
220 E. Illinois St.
Suite 3805
Chicago, IL
60611

**CHICAGO**
**WILLIS TOWER**
233 S. Wacker Dr.
Suite 6700
Chicago, IL
60606

**MINNEAPOLIS**
**UNION PLAZA**
333 Washington Ave. N.
Suite 401
Minneapolis, MN
55401

**WEST PALM BEACH**
**CITY PLACE SOUTH TOWER**
550 Okeechobee Blvd.
Suite LPH10
West Palm Beach, FL
33401

**CHATTANOOGA**
**1413 CHESTNUT STREET**
1413 Chestnut St.
Suite 401
Chattanooga, TN
37402

**Book a meeting with Paul!**

3104 LAKE DR #1
MARINA, CA. 93933

CLERK OF THE COURT
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA. 94102

RECEIVED
FEB 04 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA