William David Bush
240 West St, Sebastopol
California, 95472
(305)707-7991

**FILED**

MAR 04 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

4

5    UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF

6    CALIFORNIA

| | |
|---|---|
| WILLIAM D. BUSH<br><br>Plaintiff<br><br>vs.<br><br>Defendants<br><br>Croft Enterprises LLC<br>Paul Thomas Croft<br><br>.... | Case No.:<br>20-cv-04059-SK<br><br><br><br>PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS |

15

16

17    The Plaintiff believes he has made it clear, the Plaintiff alleges that on and

18    about April 15th 2020, a legal agreement had been made between the

19    Plaintiff and the Defendant(s) Croft Enterprises, and was inherently

20    breached by the Defendants causing damage and injury to the Plaintiff. I

21    have supported this allegation with some documents and emails sent from

22    the primary defendant showcasing the business plan documentation, and so

23    forth supporting the allegation of the business agreements; the defense

24    argues for a setting in Minnesota, and claim to have physical offices and one

25    of the defendants with residency, without providing any factual evidence to

26    support that declaration. The Plaintiff challenges the Defenses claim that

27    Paul Croft resides primarily in Minnesota with his employees and main

28    offices being in Chicago Illinois, as remote jurisdictional fishing.

1  The Defendants at times concerned, from multiple different states,
2  knowingly communicated digitally into California for the specific purpose of
3  doing business in the State. Which the Plaintiff believes gives this court
4  personal jurisdiction over the various defendants spread across the multiple
5  federal circuit jurisdictions.
6
7  The Defense argues that I have not shown injury flowing directly from the
8  alleged misconduct- yet this seems inherent in the nature of the complaint--
9  with the loss of valuable time, and the continual upkeep expenses associated
10  with doing business in the State of California; and the damages suffered to
11  my personal reputation also indicatively inherent under the complaint
12  circumstances; ie. having to go back and admit to clients that the expert tax
13  guidance I had been recommending and persuading them towards, turns out
14  to be a tax scam- reflects very poorly on any business consultants reputation,
15  as it damages peoples perception of my business insight and legitimate
16  reliability.  The amount of $77,700 demanded as compensation is a tangible
17  dollar amount for such damages the Defendants caused, and the plaintiff is
18  unsure why the Defense is generally arguing there are no losses or damages,
19  and wonders if the Defendants counsel representing the Defendants hereto is
20  consulting, advising, and representing the Defendants without cost, and free
21  of charge? For example.
22
23  I believe the Defendants' attorney's have not interviewed their clients
24  regarding the situation, and have not yet received the evidence and details
25  known to the Defendants which would give them the factual information
26  they are seeking in their pre trial motions.
27
28

1  The preliminary submitted evidence package provided should give the court
2  enough ground to over rule the defenses motioned objection that no evidence
3  exists to support the complaint allegations, and hurdles the burden to
4  proceed into discovery whereby the questions of evidence can be fully
5  exposed.

6

7  In answering the Defenses challenge that the fraud claim "must state with
8  particularity the circumstances constituting fraud or mistake." I respond with
9  particularity that Paul Croft, and his employees over a period of a few
10 months conducted telephone calls and email correspondence with myself
11 and my brother David "Luke" Bush.  The Plaintiff and his brother shared
12 very sensitive social security identification numbers, and other confidential
13 financial data with the Defendants, after being enticed by Paul Croft to
14 believe that they had not been "properly advised" on their taxes in the past.
15 Which technically is true, Luke had not taken the most beneficial
16 incorporated tax positions in the past, which is what incited my interest in
17 initially working with Croft Enterprises. Paul and his associates have a good
18 sales pitch for their tax scheme; and after doing some initial due diligence
19 with good online business reviews; I convinced Luke and his wife to
20 continue further into business with Croft Enterprises. The Plaintiff received
21 an independent sales and marketing business proposal of 25% of the fees on
22 all new clients the Plaintiff brought into Croft Enterprises, offered by Paul
23 Croft, with Luke being his first client brought into Croft Enterprises.
24

25 Over a period of a time the executives and employees that work for Croft
26 Enterprises had numerous inter-state conference calls with the Plaintiff and
27 his brother, discussing future business plans and prior circumstances. After
28

1 providing the Defendants with their previous years tax returns, Paul Croft
2 stated in emails: "We can get you back $15,000 for 2017 & $10,000 for
3 2016 by filing your tax return(s) the correct way. A total of: **$25,000** Have
4 you filed your 2019? If not, we can help you with that year, as well. Thank
5 you for your Trust & Confidence! I included our credit card authorization
6 form for you to fill out to get started. It will be a $5,000 retainer to get
7 started."
8
9 The Plaintiff continued to have questions of the Croft Enterprise agents, he
10 received multiple email responses to his questions regarding the retroactive
11 modification of the tax returns, without having had a business incorporated
12 at that time period; Paul Croft, and his employees assured the Plaintiff and
13 his brother, that using an S-corp retroactively would allow for such
14 backdating tax positions under the Tax codes. The Plaintiff requested a
15 guarantee with professional insurance, and was provided a contract add on
16 of Tax Audit Protection- for an additional $500 per year, Croft Enterprises
17 would represent the client in any IRS Audit.
18
19 The Plaintiff dug further by calling a Tax Attorney, explaining the situation,
20 and asking if he thought such was allowed, and he said he had never heard
21 of anything being allowed under the Tax codes as I had described; I called a
22 former IRS agent, who confirmed such was bogus advisement, and finally I
23 called the agents from Croft Enterprises to confront them with this specific
24 issue; and in response they sent me a 'Revenue Procedure 84-35' codex in
25 their continued attempt to persuade me of the legality in their tax fraud
26 scam. Eventually, one of their associates admitted that they knew the tax
27 position was illegal, but that it sold a lot of new clients and it was a
28

1  calculated risk that the IRS would not actually review the refiled changes.
2  After hearing this I knew for sure the Defendants were engaged in an
3  organized scam to defraud me, my brother, and any other clients I was
4  working on to bring to the company; which put our business agreement into
5  a default breach.  I immediately contacted Paul, and confronted him with
6  this stark information, he was very dismissive, told me he had instructed
7  everyone in his organization to cease contact with me, and if my brother
8  wanted to work with them, I would not be allowed to be involved. After
9  which point he blocked my connection, and I filed this lawsuit seeking
10 compensation for the damages caused by the Defendants illicit actions.
11
12
13                     Respectfully resubmitted,
14
15          By: _____.
16                     William David Bush
17                        Plaintiff
18                     Dated: 2-27-21
19
20
21
22
23
24
25
26
27
28

Declaration of David Luke Bush

I David Luke Bush declare:

1. I have personal knowledge of the following facts, and if called as a witness I would competently testify thereto.
2. I was contacted by associates of Croft Enterprises for the purpose of reorganizing my person tax positions.
3. At the time the Defendants in this case contacted me I was a resident of the State of California.
4. The Plaintiff William David Bush is my brother.
5. The Plaintiff contacted me about reorganizing my Tax returns by hiring, Paul Croft and Croft Enterprises.
6. The Defendants in this case contacted me by phone and through email correspondence requesting my confidential tax documentation
7. I provided the defendants through interstate wire transmission my confidential financial information, Social security numbers, and other security data.
8. The Defendants in a coordinated affect advised me that reorganizing my personal income taxes as a S-corporation would dramatically reduce my tax requirements.
9. The Defendants advised me that retroactively refiling my Tax returns under their methods would allow me to backdated my tax returns and write off all personal items, as business deductions.
10.  The Defendants declared to me that such back dating of tax returns is legal under the Tax code.
11. The Defendants requested $5000 dollars per year to redraft my tax returns, with an additional 10% compensation fee on all additional taxes returned.
12. I accepted the Plaintiff and defendants tax consulting offer before the Plaintiff later informed me of the illegitimacy of the tax scheme.


I declare under penalty of Perjury under the laws of the United States that the foregoing is true and correct and this declaration was executed on the 27th day on Feburary 2021

/s/ David Luke Bush
_____
David Luke Bush