UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVID BUSH,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL THOMAS CROFT, et al.,<br><br>    Defendants. | Case No. 20-cv-04059-SK<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Regarding Docket No. 26 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Croft Enterprises LLC, Jonathan Frost, and Paul Thomas Croft (collectively, "Defendants"). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Defendants' motion for the reasons set forth below.

On July 17, 2020, the Court dismissed Plaintiff William David Bush's complaint with leave to amend. The Court explained:

> It is not clear from the Complaint what claim or claims Plaintiff seeks to assert. Plaintiff seems to allege that Defendants (grouping all of the defendants together) provided incorrect or fraudulent tax advice to Plaintiff and his brother. (Dkt. No. 1.) It is not clear whether Plaintiff paid Defendants any money, whether Plaintiff followed Defendants' advice, and/or whether Plaintiff suffered any harm as a consequence. Plaintiff discusses the preparation of his brother's tax returns, but is not clear whether Plaintiff hired Defendants and/or filed any inaccurate tax returns.
>
> . . .
>
> Plaintiff contends that the Court has diversity jurisdiction over his claims. For diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75, 000. Plaintiff alleges that he seeks $77,700 in compensatory damages, but, as discussed above, it is not clear how he was injured or what damages he incurred.

(Dkt. No. 4.)

On August 3, 2020, Plaintiff filed an amended complaint. (Dkt. No. 6.) Without providing specifics, Plaintiff alleged that he entered into a verbal agreement with Defendants and that Defendants breached it. (*Id.*) Plaintiff alleged that "Defendant(s) proposed a 25% commissions split for new clients that the Plaintiff would solicit and bring in as a sales agent of their enterprise." (*Id.*) This alleged fact raises more questions than it answers. For example, it is not clear if Plaintiff alleges that he and Defendants created a business together and if so, what the business was. It is also unclear if Plaintiff alleges that he was soliciting clients for Defendants or if Plaintiff actually did solicit any new clients for Defendants.

Plaintiff also alleged that Defendants committed fraud but did not allege what Defendants did or said that was fraudulent. Additionally, Plaintiff failed to differentiate between the Defendants. (*Id.*)

The Court granted Defendants' motion to dismiss Plaintiff's amended complaint and, again, provided leave to amend. The Court explained to Plaintiff from the bench that he needed to describe the facts which support his claim. In other words, he needed to provide the who, what, when and how.

On February 4, 2021, Plaintiff filed another amended complaint. (Dkt. No. 25.) Again, Plaintiff fails to explain the basic facts supporting his claims. Without such allegations, the Court cannot determine whether Plaintiff has any claims against Defendants and/or whether the Court may exercise jurisdiction over Defendants. Therefore, the Court GRANTS Defendants' motion to dismiss.

Because Plaintiff is representing himself, the Court will provide him with one more chance to amend his complaint to state viable claims. Plaintiff shall do his best to describe the facts supporting his claims and personal jurisdiction over each Defendant. Even though Plaintiff has filed three complaints, the Court is no closer to understanding what Plaintiff alleges that each Defendant agreed to and/or did or how Plaintiff alleges he was harmed.

To the extent Plaintiff alleges that one, two, or all three Defendants breached a contract, Plaintiff shall explain: (1) the terms of this contract; (2) how the Defendant or Defendants breached the contract; (3) the provision of the contract the Defendant or Defendants breached; (4)

how Plaintiff performed or was excused from performing all of his obligations under the contract; (5) how Plaintiff was damaged; and (6) whether the contract was written or oral. Plaintiff shall explain what *each* Defendant did or said.

To the extent Plaintiff alleges that one, two, or all of the Defendants committed fraud, Plaintiff shall explain: (1) the misrepresentation; (2) who made the misrepresentation; (3) when the misrepresentation was made; and (4) where was the misrepresentation made (orally or in writing, and if in writing, what type of writing). Additionally, Plaintiff shall explain whether the Defendant or Defendants knew the misrepresentation was false and was intended to induce his reliance on that misrepresentation. Finally, Plaintiff shall explain whether he relied on the misrepresentation, his reliance was reasonable, and how he was damaged by the misrepresentation. Again, he shall allege what *each* Defendant did or said.

Alternatively, to the extent Plaintiff contends that the Defendant's or Defendants' fraud is based on a failure to disclose information as opposed to making an affirmative misrepresentation, Plaintiff must allege:

> (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact.

*Hambrick v. Healthcare Partners Med. Grp., Inc.*, 238 Cal. App. 4th 124, 162 (2015).

Plaintiff shall file his further amended complaint by no later than May 5, 2021. This is the last opportunity the Court will provide Plaintiff to amend his complaint to allege facts sufficient to state a claim and to show that the Court may exercise jurisdiction over Defendants. Plaintiff is warned that if he decides not to file a further amended complaint by May 5, 2021, the Court will dismiss this case without any further notice.

Again, the Court advises Plaintiff that the district court has produced a guide for *pro se* litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. It is available electronically online (http://cand.uscourts.gov/prosehandbook). The

3

Court further advises Plaintiff that he also may wish to seek assistance from the Legal Help Center. Plaintiff may call the Legal Help Center at (415) 782-8982 for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED**.

Dated: April 5, 2021

_____
SALLIE KIM
United States Magistrate Judge