JAGDEEP HANSRA (SBN 280689)
ENEDINA CARDENAS (SBN 276856)
**HANSRA CARDENAS LLP**
19925 Stevens Creek Blvd, Suite 100
Cupertino, CA 95014
Tel:  (408) 475-7454
Fax: (415) 295-5313
Email:  jh@ej-law.com
        ec@ej-law.com
Attorneys for Defendants
Croft Enterprises LLC,
Jonathan Frost, Paul Thomas Croft

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM D. BUSH, <br><br> Plaintiff, <br><br> v. <br><br> CROFT ENTERPRISES, LLC, JOHNATHAN FROST, PAUL THOMAS CROFT, and DOES 1 through 25, inclusive, <br><br> Defendant(s). | Case No.: 20-cv-04059-SK <br><br> **DEFENDANTS CROFT ENTERPRISES LLC, JONATHAN FROST, AND PAUL THOMAS CROFT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: May 24, 2021 <br> Time: 9:30 a.m. <br> Judge: Hon. Sallie Kim <br> Courtroom: C – 15th Floor <br><br> [*Filed concurrently with Declaration of Jonathan Frost, Declaration of Paul Thomas Croft, Declaration of Enedina S. Cardenas*] |

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 24, 2021 at 9:30 a.m. before the Honorable of the United States District Court for the Northern District of California, Defendant(s) Croft Enterprises LLC, Jonathan Frost and Paul Thomas Croft ("Defendants"), who are specially appearing for the purpose of challenging personal jurisdiction and, by and through their undersigned counsel, pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), hereby move this Court to dismiss the Second Amended Complaint of Plaintiff, William D. Bush ("Plaintiff") against Croft Enterprises LLC, Jonathan Frost and Paul Thomas Croft with prejudice and without leave to amend for lack of standing, lack of personal jurisdiction, and failure to state a claim.

This motion is based on this motion, the accompanying memorandum of points and authorities, the supporting declarations of Jonathan Frost and Paul Thomas Croft, declaration of Enedina S. Cardenas and papers on file in this matter, and such arguments as may be made.

Dated: April 19, 2021                          HANSRA CARDENAS LLP

                                              By:   /s/ Enedina S. Cardenas
                                                    Jagdeep Hansra
                                                    Enedina S. Cardenas
                                                    Attorneys for Defendants Croft
                                                    Enterprises LLC, Jonathan Frost, and
                                                    Paul Thomas Croft

**HANSRA CARDENAS LLP.**
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is Defendants' third motion to dismiss. The Court granted Defendants' prior motions with leave to amend. The Court has given Plaintiff William Bush ("Plaintiff") leeway to amend his pleading. Despite this, Plaintiff's recent filing fails to state facts to state a claim against Defendants and fails to allege that the Court has jurisdiction over any of the Defendants. Additionally, recent correspondence from Plaintiff suggest that the lawsuit has been brought in bad faith, after Plaintiff felt disrespected by Paul Croft.

Sure, Plaintiff provides additional details surrounding his interactions with individuals he claims are Croft associates. But, these new allegations show there was no agreement between the parties. At best, Plaintiff alleges that Paul Croft and Plaintiff engaged in conversations for Plaintiff to be one of Croft's business partners. But, as alleged by Plaintiff, during his due diligence, Plaintiff believed the tax strategy allegedly proffered by Croft to be a "scam" and when he confronted Paul Croft, Paul Croft ceased communications with Plaintiff. Defendants categorically deny the allegations in the amended complaint. According to Plaintiff's allegations, there was no mutual assent, there was no agreement, and Plaintiff states no facts to demonstrate he suffered damages.

The multiple independent bases for dismissal of the prior iterations of Plaintiff's complaint remain. First, there is no case or controversy between Plaintiff William Bush and any of the Defendants because Plaintiff has no legal standing, injury in fact or damages. Dismissal is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction. Additionally, Plaintiff has failed to set forth factual allegations that give this Court personal jurisdiction over any of the Defendants per Rule 12(b)(2). Similarly, Plaintiff has failed to allege any viable cause of action against Defendants and dismissal is appropriate for failure to state a cause of action under Rule 12(b)(6).

Moreover, Plaintiff's complaint is deficient on a separate, independent prong as it violates the requirement set forth in Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") that for fraud claims, "a party must state with particularity the circumstances constituting fraud or

mistake." Without providing any facts, Plaintiff alleges that Defendant(s) engaged in fraud but Plaintiff never sets forth what fraudulent conduct Defendants engaged in or he was allegedly harmed by them. Based on the foregoing, Defendants respectfully request the Court to dismiss the Amended Complaint in its entirety.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Whether the court has subject matter jurisdiction.

Whether the Court has general jurisdiction or specific jurisdiction over any defendant.

Whether Plaintiff has alleged any viable cause of action against any defendant.

Whether Plaintiff's Amended Complaint meets the requirements of Rule 9(b).

Whether leave to amend should be denied.

## III.   PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND

### A.   Plaintiff's Allegations

On June 16, 2020, Plaintiff filed his complaint against Defendants. (ECF No. 1.) The court *sua sponte* dismissed Plaintiff's complaint with leave to amend on July 17, 2020 because it was not clear on the face of the complaint what the claims were and what the grounds upon which they rest. (ECF No. 4.) Plaintiff appeared to allege that Defendants provided incorrect or fraudulent tax advice to Plaintiff and his brother. But it was not clear whether Plaintiff hired and paid Defendants for any services, whether Plaintiff followed Defendants' advice, or if Plaintiff suffered harm as a result.

Plaintiff filed an amended pleading on August 3, 2020 (ECF No. 6.). In the amended pleading, Plaintiff alleges that he entered into some kind of verbal agreement with Defendants that was breached causing loss, damage and injury to Plaintiff. (ECF No. 6; pg. 2:15-19.) Plaintiff further alleges that the defendants "*proposed*" a 25% commission split to Plaintiff for new clients Plaintiff brought to Defendant Croft Enterprises LLC. (*Id*.; pg. 2:21-22.) The prior amended pleadings state in conclusory fashion that Plaintiff was "damaged by the actions of the Defendant(s), with the loss of significant time, general operation costs, and injury to his reputation." Plaintiff sought damages in the amount of $77,000.

Plaintiff's recent amended complaint provides some more details, but still fails to state

a claim against any defendant. Plaintiff alleges he made contact with Defendant Paul Croft after he spoke to an acquaintance he met in Las Vegas when that acquaintance reached out to him and they discussed financing for Plaintiff's brother business. According to Plaintiff, during the initial call with Paul Croft, Mr. Croft mentioned the possibility of Plaintiff becoming a marketing partner.

### B. Plaintiff's Allegations Surrounding the Negotiations with Paul Croft

What follows, at best, Plaintiff appears to allege that he and Paul Croft entered into negotiations for Plaintiff to be a marketing partner. Plaintiff alleges that Paul Croft offered to provide him with a 25% commission for clients Plaintiff was able to bring to Croft Enterprises. Plaintiff alleges that he started to make initial calls to prospective customers even before an agreement had been formalized. After he started to make calls to prospective clients/customers, he alleges he spoke with Paul Croft on April 15 and it was during this call that Mr. Croft allegedly agreed to pay Plaintiff 25% commission.

Still an agreement had not been finalized. Plaintiff alleges he still wanted to "focus on mitigating risk," and wanted to develop an insurance bond to indemnify Plaintiff and his clients/customers from any potential tax liability for tax services Croft would provide. According to Plaintiff, an agreement for audit insurance was circulated from Paul Croft. Plaintiff alleges that he spoke to additional Croft associates who continued to "pitch" him on either their tax services or the marketing partner arrangement – it is not clear what the "pitch" was for. Plaintiff alleges he conducted his own research: he spoke to tax attorneys, reviewed the proposed audit insurance agreement, which led him to believe "this was a fraudulent artifice." He told Paul Croft as much and Paul Croft stopped talking to Plaintiff. He alleges his brother was upset; other clients were less upset. Notably absent from the amended complaint is Jonathan Frost. <u>There are absolutely no factual allegations connecting Jonathan Frost with any act or claim</u>.

### C. Plaintiff's Post-Litigation Communications

On April 7, 2021, Plaintiff emailed Jonathan Frost with what appears to be his attempt at establishing personal jurisdiction over him by creating evidence of written correspondence

with Mr. Frost. Plaintiff says:

> Hey Jonathan,
>
> Your partner Paul is a wanna be gangster :) and your attorney's here in California should be disbarred for not handling this situation more professionally and putting y'all in deeper jeopardy.. I'm the guy that's suing your organization in California..
>
> Listen, I've got a situation here that you actually might be handy for.. It's totally legit and superior business planning than you're going to believe is legal.
>
> I need a large team of accountants like I'm assuming you have already partially assembled.. The sales associates will also be helpful as there's going to be hundreds of thousands of clients on lists that are going to need contacting with intake.. I'm not sure how long this opportunity window is going to be open, it's one of those it's too good to last kind of sweet spots.
>
> Here's the deal, we have old business to straighten out here.. Your lawyers are retarded and are making things worse for you and your entire network by putting bad evidence against you into public record, and not doing anything to solve the problem.. My offer to you is that we resolve ***the disrespectful mistake your partner made***, trying to pull over on me and my family network: ***you guys come up with $100,000 for the error- I take American Express***--You guys immediately stop putting other clients in Jeopardy with the IRS without telling them the risks, and ***pray the suspicious collections agents that called me asking about you guys is not IRS or Feds that want to get your ass***. (Which was the exact reason why ***I told your dumbass lawyers NOT to force me to put the evidence into the public record***.)
>
> and ***if you agree to this, I have an insanely profitable plan by which we can all make Millions and Millions of dollars in the next years in tax and business restructuring specifically here in California***, totally legal and ready to speedball- same game you're already focused on, just a much better business opportunity..
>
> If not, that's unfortunate, and I'll eventually be talking to you again for depositions.

(***Emphasis added.***)

### D.  Factual Background on Defendants

Defendant Croft Enterprises, LLC is a Minnesota limited liability company headquartered in Minneapolis, Minnesota. (Declaration of Paul Thomas Croft (Croft Decl.),

¶ 5.) Croft Enterprises, LLC has its principal executive office in Minneapolis, Minnesota. (Croft Decl. ¶ 5.) The company offers tax planning and financial services. (Croft Decl. ¶ 13.) It has offices and employees in Chicago, Illinois, Chattanooga, Tennessee, and West Palm Beach Florida. (Croft Decl. ¶ 12.) Defendant Croft Enterprises, LLC is not registered to do business in California. (Croft Decl. ¶ 7.) Further, Defendant Croft Enterprises, LLC has no agent for service of process in California. (Croft Decl. ¶ 7.) Defendant Croft is a resident of Minnesota. (Croft Decl. ¶ 15.)  Defendant Frost is a resident of Tennessee. (Declaration of Jonathan Frost (Frost Decl.) ¶ 13.) None of the Defendants maintain any bank accounts or financial accounts in California. (Frost Decl. ¶ 15; Croft Decl. ¶¶ 9, 17.) None of the Defendants have paid taxes in the state, nor have they ever filed or been named as a defendant in a lawsuit filed in California. (Frost Decl. ¶¶ 10, 11, 17, 18; Croft Decl. ¶¶ 10, 11, 19, 20.) During the times relevant to the complaint, none of the Defendants have ever: (1) owned real property in California; (2) maintained an office here; (3) maintained an address, P.O. Box or telephone listing in this state; (4) maintained any employees; (5) maintained a telephone number or (5) maintained any other physical presence in California. (Croft Decl. ¶¶ 8-12,15-19; Frost Decl. ¶¶ 8-10, 12-17.)  As such, Defendants are not "essentially at home in California," as is required for California courts to exert general jurisdiction over the Defendants.

## IV.   ARGUMENT

### A. There is no case or controversy between Plaintiff and Defendants; Plaintiff lacks standing to sue Defendants

Plaintiff does not have standing to sue Defendants for any purported causes of action. "From Article III's limitation of the judicial power to resolving 'Cases' and 'Controversies,' and the separation-of-powers principles underlying that limitation, we have deduced a set of requirements that together make up the 'irreducible constitutional minimum of standing.'" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125; 134 S. Ct. 1377, 1386 (2014). "The plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the

defendant and likely to be redressed by a favorable judicial decision." *Id.; See also, E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1239 (9th Cir. 2018) ("Article III of the Constitution limits the federal judicial power to the adjudication of 'Cases' and 'Controversies.'" (citing U.S. Const. art. III, § 2, cl. 1)).

Plaintiff fails to show he has standing and that he suffered economic or reputational injury flowing directly from any alleged conduct of Defendants. There is no case and controversy to sustain subject matter jurisdiction.

**B. The amended complaint fails to plead any cause of action against defendants**

"Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted." *Strigliabotti v. Franklin Res., Inc.*, No. C 04-00883 SI, 2005 U.S. Dist. LEXIS 9625, at *6 (N.D. Cal. Mar. 7, 2005); F.R.C.P. 12(b)(6). Dismissal is appropriate under FRCP 12(b)(6) when a plaintiff's allegations fail "to state a claim upon relief can be granted." "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal ("Iqbal")*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555, 557. It is improper for a court to assume "the [plaintiff] can prove facts that [it] has not alleged. *Associated Gen'l Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). In ruling on a Rule 12(b)(6) motion, a court must "accept factual allegations in the complaint as true and construe

HANSRA CARDENAS LLP.
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

the pleadings in the light most favorable to the nonmoving party." *Manzarek v.* 519 F.3d at 1031.

### C. The amended complaint fails to state a cause of action for breach of contract

To state a claim for breach of contract under California law, a plaintiff must allege (1) the existence of a contract; (2) that he performed or that his performance is excused; (3) defendant breached the contract; and (4) damages resulted from that breach. *See Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (2009). " 'An essential element of any contract is "consent." [Citations.] The "consent" must be "mutual." [Citations.] "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." ' ' "The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe. [Citation.] Accordingly, the primary focus in determining the existence of mutual consent is upon the acts of the parties involved." ' " (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 789 [249 Cal.Rptr.3d 295, 444 P.3d 97],internal citations omitted.)

#### 1. Plaintiff Has Not Alleged Facts to Show Consent or Mutual Assent

Plaintiff has not alleged any of the elements. First, the allegations in the amended complaint and summarized above show – at best - that perhaps an offer was made by Paul Croft about becoming a network partner. Plaintiff alleges several talks and discussions took place, that he was in his due diligence phase when he "believed" that the defendant's tax strategy was a "scam." Plaintiff has not pleaded sufficient facts to allege the existence of consent or mutual assent. Taking Plaintiff's allegations as true, Plaintiff's allegations suggest that he and Mr. Croft were just in the negotiating phases. The conversation initially started for a loan for his brother's business. The conversation then evolved to the possibility of plaintiff being a marketing partner. Thereafter, on April 15 Paul croft allegedly offered Plaintiff commission of 25%. But the agreement was not final. Plaintiff still wanted to make sure that he was indemnified for any potential tax liability, and asked for the insurance bond. In response, according to Plaintiff's allegations, Mr. Croft sent a proposed audit insurance agreement. Plaintiff alleges he did not accept that agreement. All these allegations by

HANSRA CARDENAS LLP.
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

plaintiff, if taken as true, show that at most negotiations were had. Bu there was no mutual consent.

### 2. The Alleged Agreement is Void by Illegality

A contract which is against public policy or against the mandate of a statute may not be made the foundation of any action, either in law or equity. *Tideje v. Aluminum Taper Milling Co.*, 46 Cal. 2d 450, 453-454 (1956). The test… whether a demand connected with an illegal transaction is capable of being enforced at law, is whether the plaintiff requires the aid of the illegal transaction to establish his case. If the plaintiff cannot open his case without showing that he has broken the law, the court will not assist him, wehatever his claim in justice may be on the defendant." *Berka v. Woodward* 125 Cal. 119, 127 (1899). The court cannot grant relief to Plaintiff here who must rely upon the alleged illegal aspect of the transaction to make out his case.

Plaintiff alleges that the tax strategy Croft Enterprises was purportedly offering was illegal. Therefore, based on plaintiff's allegations, in order to enforce the alleged agreement, and in order for plaintiff to receive a commission, there would need to be an illegal tax scheme performed. Defendants vehemently deny such allegations, but at this pleading stage, Plaintiff's allegations are taken as true.

Under California law, the "well-settled rule [is] that the courts will not aid a party whose claim for relief rests on an illegal transaction." *Wong v. Tenneco, Inc.* 702 P.2d 570, 576 (Cal. 1985) (in bank). "This rule is based on the rationale that 'the public importance of discouraging such prohibited transactions outweighs equitable considerations of possible injustice between the parties.'" *Asdourian v. Araj,* 696 P.2d 95, 105 (Cal. 1985) (in bank) (*quoting Southfield v. Barrett*, 91 Cal. Rptr. 514, 516 (Cal. Ct. App. 1970)).

On the face of the amended complaint, plaintiff alleges defendants hatched a fraudulent tax scheme, recruited plaintiff to participate in it and then plaintiff found himself to be the victim when plaintiff "discovered" the alleged "scam". This court can "leave the parties as [it] found them" and need not participate in the enforcement of an agreement that was intended to defraud the IRS (according to Plaintiff). *See Wong* 39 Cal.3d at 138. The

breach of contract can be dismissed in its entirety, with prejudice.

### 3. The Alleged Agreement is Void on its Face as Indefinite

Even if the alleged contract did exist, for it to be enforceable under California law, it "must be sufficiently definite 'for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached.'" *Sateriale v. RJ Tobacco Co.,* 697 F.3d 777, 789 (9th Cir. 2012)(*quoting Bustamante v. Intuit, Inc.,* 141 Cal.App.4th 199, 45 Cal.Rptr.3d 692, 699 (2006)); *see also Ersa Grae Corp. v. Fluor Corp.,* 1 Cal.App.4th 613, 2 Cal.Rptr.2d 288, 294 (1991).

"In order for acceptance of a proposal to result in the formation of a contract, the proposal 'must be sufficiently definite, or must call for such definite terms in the acceptance, that the performance promised is reasonably certain.' [Citation.]" (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 811 [71Cal.Rptr.2d 265].)

The alleged agreement is indefinite because it is open ended. Plaintiff alleges that the terms were: Plaintiff alleges that Defendant Croft Enterprises would have given him a 25% commission for any clients Plaintiff procured. When would he have to bring clients? When would the commission be paid? Do they first have to sign an engagement agreement with Croft and pay the retainer? When is the commission deemed earned?

### 4. The Alleged Agreement is Void for Lack of Consideration

It appears on the face of the amended complaint that the agreement is void for lack of consideration. Plaintiff's claim for a breach of contract must be dismissed because it is apparent from the face of the complaint that the purported contract lacks good consideration. *Sanchez v. U.S. Bank, N.A.,* No. C 09-04506 SI, 2010 WL 670632 at *4-5 (N.D.Cal. Feb. 22, 2010). Good consideration is "any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled." Cal. Civ. Code § 1605. "Consideration requires a bargained for detriment or benefit." *Nurczewska v. Federal Home Loan Mortgage Corporation*, No. 12-55309 (9th Cir. 2013)(*citing Steiner v. Thexton*, 226 P.3d 359, 366 (Cal. 2010)).

Plaintiff alleges that the terms of the agreement with Paul Croft was that Plaintiff

HANSRA CARDENAS LLP.
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

would find customers who would agree to engage Croft Enterprises, LLC who would offer its tax strategy to Plaintiff's customers. Plaintiff also alleges that his acceptance of the agreement was contingent upon receiving some kind of indemnification from Croft Enterprises, an indemnification that was never offered according to plaintiff. And plaintiff declined the audit insurance offered by Paul Croft. Based on the facts alleged, there was no consideration or benefit derived by Defendants or Plaintiff. Thus, Plaintiff's breach of contract claim should be dismissed because the purported agreement is void for lack of consideration.

### D. Plaintiff fails to allege fraud and reliance with particularity sufficient to state a cause of action

To the extent Plaintiff alleges fraud, the Amended Complaint fails under the heightened pleading standards required under Federal Rule of Civil Procedure 9(b). Under Rule 9(b), to state a claim for fraud, a party must plead with "particularity the circumstances constituting the fraud," and the allegations must "be specific enough to give defendant's notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1018-19 (9th Cir. 2001). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess*, 317 F.3d at 1107. That is the case here.

Plaintiff fails to plead the purported fraudulent activity by any of the defendants and only asserts conclusory allegations of fraud against Defendants by alleging that Plaintiff's research revealed that he believed Croft Enterprises, LLC's tax strategy was fraudulent. However, plaintiff cannot plead fraud because plaintiff's own admissions show that neither he, nor his brother, nor his prospective clients took the tax advice or were damaged by using the tax advice allegedly offered.  The purpose of Rule 9(b) will be fulfilled by dismissal of

the action.

Plaintiff also cannot plead that he relied on any guarantee of Paul Croft as it relates to IRS enforcement. "[I]t is inherently unreasonable for any person to rely on a prediction of future IRS enactment, enforcement, or non-enforcement of the law by someone unaffiliated with the federal government. As such, the reasonable reliance element of any fraud claim based on these predictions fails as a matter of law." (*Brakke v. Economic Concepts, Inc.* (2013) 213 Cal.App.4th 761, 769 [153 Cal.Rptr.3d 1].)

E. **Plaintiff fails to allege how he was injured or what damages he incurred**

Plaintiff now seeks damages of $2.1M for what appears to be loss of expectancy on a contract based on an illegal tax scheme. Plaintiff previously alleged that he wanted $77,000 in compensatory damages. It's not clear what has changed in the past few weeks to increase the amount significantly. At any rate, he still has not stated sufficient facts that show how he was injured and what damages he sustained. Under the plausibility standard, it does not appear plausible that Plaintiff would have been harmed in any way by not engaging in a fraudulent tax scheme. Moreover, Plaintiff's allegations suggest on the face of the amended complaint that his business reputation did not suffer since his prospective clients weren't too upset when the arrangement did not materialize. Additionally, any harm – if any – was caused by plaintiff who contacted prospective clients well before an agreement had been reached. Plaintiff alleges that he contacted prospective clients before the April 15 call with Paul Croft where Mr. Croft allegedly offered him the 25% commission, and before he received any assurance of the indemnification agreement Plaintiff claims he was focused on getting before any services were provided.

F. **This Court Should Dismiss the Amended Complaint for Lack of Personal Jurisdiction**

Defendants are not subject to personal jurisdiction in this Court. FRCP 12(b)(2). A court in California "may exercise [personal] jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. "Due process constrains a State's authority to bind a nonresident defendant to a judgment of its

courts." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotation marks omitted).

The United States Supreme Court recognizes two types of personal jurisdiction – general and specific. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). For a foreign corporation to be subject to the Court's general jurisdiction, the foreign corporation must have "affiliations with the State [that] are so 'continuous and systematic' as to render [defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

With respect to specific jurisdiction, "the relationship between the nonresident defendant, the forum, and the litigation must arise out of contacts that the defendant himself creates with the forum State." *Axiom Foods*, 874 F.3d at 1068 (internal quotation marks and citations omitted) (emphasis added). The minimum contacts analysis focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. (emphasis added). The Ninth Circuit applies a three factor test in determining whether a foreign defendant is subject to specific jurisdiction: "(1) the defendant either 'purposefully direct[s]' its activities or 'purposefully avails' itself of the benefits afforded by the forum's laws; (2) the claim 'arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction [] comport[s] with fair play and substantial justice, i.e., it [is] reasonable.'" *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

**1. Defendants are not subject to the court's general jurisdiction**

Plaintiff does not allege sufficient facts to establish that any of the defendants have systematic and continuous contacts with California for general jurisdiction. Plaintiff alleges that Croft Enterprises, LLC is a corporation with a principal place of business in Minneapolis Minnesota. Plaintiff's amended complaint acknowledged that the individual defendants "are all residents of different States." Plaintiff appears to want to establish personal jurisdiction due to the fact that there were communications between Plaintiff and Defendant Paul Croft as

well as with people he alleges are associates of Croft enterprises. However, "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Instead, the focus is on the contacts defendants have with California, not residents of the state. *Id.* at 285. Merely "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Similarly, engaging in conversations with Plaintiff, a California resident, does not in and of itself create sufficient contact with California. Moreover, Plaintiff does not allege any facts whatsoever against Jonathan Frost.

### 2. Defendants are not subject to this court's specific jurisdiction

Further, Plaintiff does not allege sufficient facts to establish that this Court has specific jurisdiction over the defendants. Under the first prong of the Ninth Circuit test, Plaintiff must establish that the Defendants purposefully availed themselves to the benefits of California, and that Defendants' contacts are with California, not only with the persons who reside in California.

Under the second prong of the Ninth Circuit test, Plaintiff must establish that his causes of action arise from Defendants' activities in California. *Axiom Foods*, 874 F.3d at 1068; *Williams*, 851 F.3d at 1023. In his recent filing, Plaintiff only demonstrates that an acquaintance he met in Las Vegas reached out to him and mentioned line of credit of Croft Enterprises, LLC to him. No Defendant has been physically present in California to meet with Plaintiff. Defendant Frost resides in Minneapolis and works in Minneapolis. Defendant Croft resides in Tennessee and works in Tennessee. Nor can plaintiff allege that there were activities conducted by any of the defendants in California that were so "continuous and systematic" that they approximate physical presence in California. Plaintiff has not asserted any facts at all to support personal jurisdiction. Plaintiff fails to sufficiently allege the second prong of the Ninth Circuit test for specific jurisdiction, i.e., that Plaintiff's claims arise out of or relate to Defendants' California activities. Accordingly, this Court should dismiss the Second Amended Complaint for lack of personal jurisdiction.

### G. The SAC Fails to Plead any Cause of Action or Claim against Jonathan Frost

California Corporations Code §§17703.04(a)(1) and (a)(2), provides that a member or manager of a limited liability company is not personally liable for the debt, obligations or liabilities of the company merely because the member or manager was acting as a manager for the LLC. Plaintiff has not alleged that Frost was a party to the agreement, nor has he made any specific allegation against him. No facts in the pleadings show that Frost did anything at all. Accordingly, the SAC against Frost should be dismissed with prejudice in its entirety and all allegations against Frost should be dismissed with prejudice.

### H. The SAC Fails to Plead any Cause of Action or Claim against Paul Croft

An officer or director is not personally liable "when, in the ordinary course of his duties to his own corporation, the [officer or director] incidentally harms the pecuniary interests of a third party." *Self – Insurers' Sec. Fund v. ESIS, Inc.* (1988) 204 Cal.Ap..3d 1148, 1162. Plaintiff's allegations against Paul Croft merely arise from his capacity as an officer of Croft Enterprises. There are no facts alleged to create personal liability against Paul Croft.

### I. Leave to Amend Should Be Denied

In determining whether leave to amend is warranted, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the Foman factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. Eminence Capital, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Id. However, it is clear that "leave to amend need not be granted when any amendment would be an exercise in futility." *Hoang v. Bank of Am., N.A.,* 910 F.3d 1096, 1103 (9th Cir. 2018). **Factors 2, 3, and 5 are relevant here**. This is Plaintiff's third attempt at remedying the defects. Amendment would be futile since Plaintiff's whole lawsuit stems from an alleged illegality. Finally, it appears that Plaintiff has brought this action in bad faith or for an improper purpose – to make Paul Croft pay for his

"disrespectful mistake" toward Plaintiff. Prior to filing his amended pleadings, Plaintiff sent emails demanding payment of a settlement or else he will file an amended complaint with "bad facts" against the defendants.

On March 22, 2021, prior to the April 5, 2021 hearing on Defendants' second motion to dismiss, Plaintiff emailed defense counsel stating:

> is there any defense against the core allegations, or is the defense going to be based solely on court technicality defenses? I'm just learning the process for myself, please excuse the amateurism.. My contention was to negotiate with counsel on the actual exposure to your clients here, and ***avoid secret undercover agent phone calls***, and avoid potential IRS issues for those who have already fallen victim to their illegal tax advice and filings.

**(Emphasis Added)**

On March 30, 2021, Plaintiff emailed counsel stating the following:

> The issue here is the trickery and disrespect when I did my diligence and found out that it puts my family and network in default with real estate assets that would have been put in jeopardy of forfeiture.. ***Your Client then attempted to belittle me, and he needs to pay up for the catch.*** Trying to play this court game with a very criminally liable hand is VERY bad legal representation..

**(Emphasis Added)**

## V.  CONCLUSION

Defendants requests the court GRANT this motion without leave to amend, and that the case be dismissed WITH PREJUDICE. This is now the third motion to dismiss by Defendants.. This Court can dismiss this amended complaint against all defendants for lack of subject matter jurisdiction under Rule 12 (b)(1), because there is no case or controversy between Plaintiff and Defendants. Even if the Court finds that Plaintiff has standing, dismissal is appropriate for lack of personal jurisdiction under Rule 12(b)(2). Additionally, Plaintiff does not allege with particularity any of the factual detail required under Rule 9(b) for any alleged fraudulent acts by any of the defendants. Finally, the court may also dismiss the Complaint against Defendants for failure to state of cause action under Rule 12(b)(6).

/ / /

/ / /

| | | |
|---|---|---|
| Dated: April 19, 2021 | | HANSRA CARDENAS LLP |
| | By: | _/s/ Enedina S. Cardenas_ |
| | | Jagdeep Hansra |
| | | Enedina S. Cardenas |
| | | Attorneys for Defendants Croft Enterprises LLC., Johnathan Frost, Paul Thomas Croft |

HANSRA CARDENAS LLP.
19925 Stevens Creek Blvd., Suite 100
Cupertino, CA 95014

# CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City of Cupertino, County of Santa Clara and my business address is 19925 Stevens Creek Boulevard, Suite 100, Cupertino, California 95014.

On April 19, 2021, I served the following document(s) on the parties in this action as follows:

**DEFENDANTS CROFT ENTERPRISES LLC, JONATHAN FROST, AND PAUL THOMAS CROFT'S NOTICE OF MOTION AND MOTION TO DISMISS**

**X (BY MAIL)** I caused each such envelope to the addressee(s) noted below, with postage thereon, fully prepaid to be placed in the United States mail in Campbell, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

___ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee(s) noted below.

___ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below.

___ (BY EMAIL) I caused to be delivered via email, at the email address noted below, a copy of each document listed above to the addressee(s) noted below.

**William David Bush**

**240 West St.**

**Sebastopol, CA 95472**

I declare under penalty of perjury, under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed on April 19, 2021 at Campbell, California.

                                                                                  */s/ Enedina S. Cardenas* _____

                                                                                       Enedina S. Cardenas